**CREACIONES CON IDEA, S.A. DE C.V. and Imagen Textil y Confecciones, S.A. de C.V., Plaintiffs–Appellants,**

v.

**MASHREQBANK PSC and Mashreqbank New York (formerly Bank of Oman Ltd.), Defendants–Appellees.**

Docket No. 00–7011.

United States Court of Appeals, Second Circuit.

Argued: Oct. 25, 2000

Decided: Nov. 8, 2000

Chodos, also is a defendant in *DiRienzo*.

Bruce A. Langer, New York, NY, for appellants.

Rohit Sabharwal, Sabharwal & Associates, New York, NY, for appellees.

Before: MINER and SACK, Circuit Judges, and RAGGI, District Judge.*

· PER CURIAM.

The plaintiffs appeal from an order entered by the United States District Court for the Southern District of New York (Constance Baker Motley, *Judge*) (a) denying their motion for summary judgment and (b) granting the defendant's motion to strike a Certificate of Default and for leave to file an answer, and from a second order

---

* Hon. Reena Raggi, of the United States District Court for the Eastern District of New York, sitting by designation.

dismissing the plaintiffs' claims for lack of subject matter jurisdiction. We address here only the second order, which we affirm on somewhat different grounds from those employed by the district court. Our affirmance of the dismissal of plaintiffs' claims on jurisdictional grounds renders it unnecessary and inappropriate to consider the plaintiffs' challenges to the first order.

## BACKGROUND

The action underlying this appeal is based on two Irrevocable Letters of Credit ("IRCs") issued to the plaintiffs, Mexican garment manufacturers, by the defendant bank, Mashreqbank PSC, of which Mashreqbank New York is a branch office,[1] on behalf of two purchasers of the plaintiffs' clothing. Both IRCs are governed by the Uniform Customs and Practice for Documentary Credits (1993 Revision), I.C.C. Pub. No. 500. When the plaintiffs presented the IRCs for payment in August and September 1996, the defendant, citing "discrepancies" between the documentation prescribed in the IRCs and that presented by the plaintiffs upon demand, refused to honor the IRCs and notified the plaintiffs' negotiating bank accordingly.

The plaintiffs sued on the unpaid letters of credit on December 31, 1997, alleging five counts, two of which were dismissed by the district court in an opinion dated May 12, 1999. Following discovery, the plaintiffs moved for summary judgment on the remaining counts, which the district court denied on December 2, 1999. The next day, at a hearing conducted on the eve of trial, the defendant raised the issue of subject matter jurisdiction, arguing that the diversity requirements of 28 U.S.C. § 1332(a)(2) were not met because under § 1332(c)(1) all parties are foreign corporations with principal places of business located outside the United States. The district court agreed, noting that the plaintiffs are citizens of Mexico and that the defendant cannot be considered a citizen of

a State of the United States for jurisdictional purposes because its principal office and principal place of business is in Dubai, United Arab Emirates. The district court therefore dismissed the plaintiffs' complaint in an order and accompanying memorandum opinion dated December 3, 1999 and December 9, 1999, respectively. *See Creaciones Con Idea, S.A. v. MashreqBank PSC,* 75 F.Supp.2d 279 (S.D.N.Y. 1999).

Emphasizing submissions offered to the district court in an unsuccessful attempt to urge reconsideration of the dismissal, the plaintiffs argue in this appeal that the district court's conclusion with respect to subject matter jurisdiction was incorrect for several reasons. First, they claim that because the defendant's sworn assertions in unrelated proceedings as to its corporate citizenship contradict its present position, the defendant should be estopped from denying the presence of diversity jurisdiction in this case. Second, the plaintiffs claim that documents in the public record demonstrate that the defendant's principal place of business is within the United States. Finally, noting that the defendant is the successor in interest to the Bank of Oman, Ltd., a corporation chartered under the federal Edge Act, 12 U.S.C. § 611, the plaintiffs argue that wholly aside from the citizenship of the parties, federal question jurisdiction exists under 12 U.S.C. § 632.

## DISCUSSION

### I. Standard of Review

 "When reviewing a district court's determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *See McCarthy v. Navistar Fin. Corp. (In re Vogel Van & Storage, Inc.),* 59 F.3d 9, 11 (2d Cir.1995).

---

1. Because the two named defendants are in fact one legal entity, this opinion will refer to

Mashreqbank PSC and Mashreqbank New York collectively as the "defendant."

## II. Diversity Jurisdiction

At the outset, we note that "principles of estoppel do not apply" to questions of subject matter jurisdiction. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The defendant's assertions about its corporate citizenship in unrelated cases therefore could not preclude either the defendant from arguing, or the district court from concluding, that diversity jurisdiction was absent in this case. *See Wight v. Bankamerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000) ("[I]rrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits."); *see also In re Southwestern Bell Tel. Co.*, 535 F.2d 859, 861 (5th Cir.) ("Judicial estoppel ... cannot conclusively establish jurisdictional facts."), *aff'd en banc*, 542 F.2d 297 (5th Cir.1976), *rev'd on other grounds, Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

This is rather beside the point, however, because even if the defendant's prior statements could somehow compel or convince us to find that the bank's principal place of business is within the United States, such a finding would be irrelevant to the existence of diversity jurisdiction in this action. The district court apparently assumed that if, as the plaintiffs argue, the defendant's principal place of business were in New York, then diversity jurisdiction would exist by virtue of the bank's corporate citizenship in that State under § 1332(c)(1). *See Creaciones*, 75 F.Supp.2d at 281–283. This ignores our line of cases holding that "even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation." *International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989) (citing *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980)); *see also Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir.2000).

The implications of *Venezolana* and its progeny for this case are clear. The defendant Mashreqbank New York's Foreign Branch License indicates that Mashreqbank, PSC is incorporated under the laws of the United Arab Emirates, and it is undisputed that the plaintiffs are foreign corporations organized under Mexican law. We therefore need not address the question of the defendant bank's principal place of business. Diversity jurisdiction is lacking under § 1332(a)(2) as construed by this Court because corporations incorporated outside the United States are present on both sides of the dispute.

## III. Federal Question Jurisdiction

The plaintiffs also argue that because the defendant is the successor in interest to a federally chartered Edge Act corporation, federal question jurisdiction lies in this case under 12 U.S.C. § 632, which provides for original jurisdiction in the district courts in "all suits ... to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking." Even if the plaintiffs are correct that the defendant is a successor to such a corporation, however, public records show that the defendant in this case is incorporated under the laws of the United Arab Emirates and that its United States branch is chartered under the laws of the state of New York. This Court is aware of no authority supporting the proposition that simply by virtue of its status as a successor in interest to a corporation organized under federal law, a bank incorporated abroad with a domestic branch chartered under State law is subject to federal jurisdiction in the same manner as its predecessor. The statute is clear in limiting its reach to cases in which a federally chartered corporation is a "par-

ty." We find no basis on which to accept the plaintiffs' contention that federal question jurisdiction exists in this case because the federally chartered corporation may in some way be a "predecessor" of a party.

## CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of the plaintiffs' claims for lack of subject matter jurisdiction.