*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0477p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

PENINSULA ASSET MANAGEMENT (CAYMAN) LTD.;
KAREN CHONGAH HAN; NO JOON PARK,
                        *Plaintiffs-Appellants,*

> No. 07-3028

    *v.*

HANKOOK TIRE CO., LTD.; YANG-RAE CHO,
                        *Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 04-01153—David D. Dowd, Jr., District Judge.

Argued: November 28, 2007

Decided and Filed: December 13, 2007

Before: MARTIN, SILER, and ROGERS, Circuit Judges.

---

## COUNSEL

**ARGUED:** Bruce E. Bagelman, LAW OFFICES OF BRUCE E. BAGELMAN, Dallas, Texas, for Appellants. Jeffry H. Ray, RAY, VALDEZ, McCHRISTIAN & JEANS, El Paso, Texas, for Appellees. **ON BRIEF:** Bruce E. Bagelman, LAW OFFICES OF BRUCE E. BAGELMAN, Dallas, Texas, Tailim Song, TAILIM SONG LAW FIRM, Dallas, Texas, for Appellants. Jeffry H. Ray, Karen L. Landinger, RAY, VALDEZ, McCHRISTIAN & JEANS, El Paso, Texas, Douglas N. Godshall, Robert L. Tucker, HANNA, CAMPBELL & POWELL, Akron, Ohio, for Appellees.

---

## OPINION

---

ROGERS, Circuit Judge. Plaintiffs, including a Grand Cayman Islands corporation, sued a South Korean corporation and a natural citizen of South Korea on breach of contract and fraud claims. Plaintiffs brought their suit in the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(2). The district court granted summary judgment in favor of the defendants on all claims, and the plaintiffs appealed to this court. Because there are alien corporations on both sides of the controversy, this case lacks the complete diversity required for a federal court to exercise diversity jurisdiction under § 1332(a)(2). *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999); *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000); *Impuls I.D. Internacional, S.L. v. Psion-*

1

*Teklogix, Inc.*, 234 F. Supp. 2d 1267, 1272-74 (S.D. Fla. 2002).  Contrary to the defendants' argument, it makes no difference whether the plaintiff Grand Cayman Islands corporation has its principal place of business in the United States.  It is well established that, under § 1332(a)(2), "even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation."  *Creaciones Con Idea*, 232 F.3d at 82 (quoting *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989)).  The jurisdiction in this case cannot, moreover, be predicated on § 1332(a)(3) even though that section has been interpreted as not requiring complete diversity.  *See, e.g.*, *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498-99 (3d Cir. 1997).  That section is inapplicable here because there is not a United States citizen on each side of the dispute.  Therefore, the only applicable section is § 1332(a)(2), which requires complete diversity.  Because complete diversity is lacking in this case, we reverse the judgment of the district court and remand the case for consideration of the need to dismiss for lack of subject matter jurisdiction.