*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0464p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

U. S. MOTORS, PRAHA MOTORS, LLC,
BRATISLAVA MOTORS, LLC, U.S. MOTORS
(SK), and JOSEPH LEVIN,
                    *Plaintiffs-Appellants,*

        No. 07-2472

   *v.*

GENERAL MOTORS EUROPE, a Swiss
corporation,
                    *Defendant-Appellee.*

Appeal from the United States District Court

for the Eastern District of Michigan at Detroit.

No. 07-12901—Gerald E. Rosen, District Judge.

Argued and Submitted: December 10, 2008

Decided and Filed: December 31, 2008

Before: DAUGHTREY and GILMAN, Circuit Judges; RESTANI, Judge.[*]

_____

## COUNSEL

**ARGUED:** Benjamin W. Jeffers, DYKEMA GOSSETT, Detroit, Michigan, for Appellee. **ON BRIEF:** Joseph Levin, JOSEPH LEVIN, Detroit, Michigan, for Appellant. Benjamin W. Jeffers, DYKEMA GOSSETT, Detroit, Michigan, James P. Feeney, DYKEMA GOSSETT, Bloomfield Hills, Michigan, for Appellee.

_____

[*] The Honorable Jane A. Restani, Chief Judge for the United States Court of International Trade, sitting by designation.

---

**OPINION**

---

RESTANI, Judge.   Appellants U.S. Motors, Praha Motors, LLC, Bratislava Motors, LLC, U.S. Motors (SK), and Joseph Levin (collectively, "Appellants") appeal from the decision of the United States District Court for the Eastern District of Michigan dismissing their complaint against appellee General Motors Europe ("G.M. Europe") for lack of subject matter jurisdiction.   The district court held that under 28 U.S.C. § 1332(a)(2), diversity jurisdiction was lacking in a suit between domestic and foreign plaintiffs and a foreign defendant.   We affirm.

**I.**

Appellants allege that G.M. Europe breached an agreement that would have allowed U.S. Motors to serve as the exclusive distributor of General Motors vehicles in the Czech Republic and Slovakia.   Appellants are comprised of citizens of three states—Florida, Iowa, and Michigan—and three countries—the Czech Republic, Slovakia, and the Netherlands.   G.M. Europe is a Swiss corporation.

Appellants filed an amended complaint on July 27, 2007, stating that diversity of citizenship was the basis for the district court's subject matter jurisdiction. On August 1, 2007, G.M. Europe filed a motion to dismiss under Federal Rules of Civil Procedure 41(a) and 12(b)(6).  On August 13, 2007, the district court, *sua sponte*,  issued an order to show cause why the case should not be dismissed for failure to set forth sufficient information to support diversity of citizenship.[1]   Appellants submitted additional information on August 23, 2007, and in an opinion and order dated October 24, 2007,

---

[1]Unincorporated associations, such as U.S. Motors, have no separate legal identity and are not considered citizens of any state for diversity purposes and, therefore, must show diversity of citizenship based on the citizenship of each of their members. *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).

the district court dismissed the case for lack of subject matter jurisdiction under 28 U.S.C. § 1332.**2** Appellants now appeal.

## II.

We review a district court's legal determination of subject matter jurisdiction *de novo* and factual determinations for clear error. *United States v. Gabrion*, 517 F.3d 839, 872 (6th Cir. 2008).

The diversity statute, 28 U.S.C. § 1332, provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ." 28 U.S.C. § 1332(a). As noted by the district court, jurisdiction in this case cannot be predicated on either § 1332(a)(1) or (a)(3) because U.S. citizens are not on both sides of the controversy. G.M. Europe, the only appellee in this suit, is a Swiss company and not a citizen of a U.S. state.

Section 1332(a)(2), however, also does not apply because this case is not between "citizens of a State and citizens or subjects of a foreign state," but rather, involves a combination of domestic and foreign plaintiffs and a foreign defendant. The district court reasoned that in order for § 1332(a)(2) to apply, "one would have to construe the statutory language as encompassing suits between citizens of one or more States, ***with or without citizens of foreign states as additional parties,*** and citizens or subjects of a foreign state." *U.S. Motors v. Gen. Motors Europe*, 519 F. Supp. 2d 671, 673 (E.D. Mich. 2007). The district court determined that subsection (a)(3) prevents that interpretation of subsection (a)(2) because subsection (a)(3) makes clear that the jurisdiction provided for under § 1332(a)(1)—for suits between "citizens of different States"—is still available when foreign parties are added on either side. *Id.* The district

---

**2**Because the district court held that it lacked subject matter jurisdiction, it did not address G.M. Europe's motion to dismiss.

court reasoned that this implies that jurisdiction would be "defeated in *other* classes of cases by the addition of foreign parties," *i.e.*, in a § 1332(a)(2) suit between domestic citizens and foreigners, and dismissed the case for lack of subject matter jurisdiction. *Id.* at 673–74; *see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (noting that diversity jurisdiction would be lacking where "there was no citizen on one side, which took it out of (a)(3)" and "(a)(2), when read in light of (a)(3), does not permit a suit between foreigners and a mixture of citizens and foreigners").[3]

The district court's interpretation is widely supported by case law that finds subject matter jurisdiction lacking under § 1332(a)(2) where there are foreign parties on each side of the dispute. In finding jurisdiction lacking, courts generally rely on two rationales. First, because "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants," the presence of U.S. citizens on only one side of the dispute does not preserve jurisdiction. *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (internal quotation marks and citation omitted); *see also Extra Equipamentos e Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004) ("The diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides."); *Universal Licensing Corp. v. Paola Del Lungo S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [§ 1332(a)(2) and (3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) ("[S]ection 1332(a)(2) only grants jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole.").[4]

---

[3] Appellants do not allege that there are any dispensable, non-diverse parties that may be dismissed pursuant to Federal Rule of Civil Procedure 21 to cure this jurisdictional defect and preserve jurisdiction over the U.S. citizen plaintiffs under § 1332(a)(2).

[4] A few courts have opined, albeit in dicta, that it is not clear under § 1332(a)(2) whether U.S. citizens are required on both sides of an action between foreign parties. *See Allendale*, 10 F.3d at 428 ("Exactly what sense all this makes rather eludes us."); *see also Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000) ("[W]e concur with Judge Posner's observation [in *Allendale*] that this interpretation is far from apparent from the face of 28 U.S.C. § 1332(a)(2).").

Second, courts have consistently interpreted *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), for purposes of § 1332(a)(2) to require complete diversity between the parties. *See Craig v. Atl. Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994) (Under § 1332(a)(2) complete diversity was lacking where "the case involved a single foreign plaintiff . . . and numerous foreign defendants (in addition to U.S. defendants)."); *Eze v. Yellow Cab Co. of Alexandria, Va.*, 782 F.2d 1064, 1065 (D.C. Cir. 1986) ("[U]nder long-held precedent, diversity must be 'complete.' . . . A diversity suit, in line with the *Strawbridge* rule, may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country."); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985) ("For the purposes of section 1332(a)(2) complete diversity is required.").[5]

Our recent discussion in *Peninsula Asset Management (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271 (6th Cir. 2007), issued after the district court's decision, is also instructive in this matter.  In *Peninsula*, the plaintiffs, a Grand Cayman Islands corporation and two U.S. residents, attempted to avoid the limitations of § 1332(a)(2) by alleging that because the Grand Cayman Islands corporation had its principal place of business in the United States, the plaintiffs were diverse from the defendants, a South Korean corporation and a South Korean citizen. *Id.* at 271–72.  We noted, however, that "[i]t is well established that, under § 1332(a)(2), 'even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation.'" *Id.* at 272–73 (quoting *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000)).  In *Peninsula*, as here, § 1332(a)(3) was not applicable because there were not U.S. citizens on each

---

[5]Most courts have accepted that an express exception to the complete diversity requirement is present in § 1332(a)(3). *See, e.g.*, *Dresser Indus.*,106 F.3d at 499; *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298–99 (9th Cir. 1985).  That is, § 1332(a)(3) is worded differently from the other sections and provides for jurisdiction over cases between diverse U.S. citizens "in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(3); *see also Dresser Indus.*, 106 F.3d at 499.  Indeed, "Congress was well aware of the judicial interpretation of the diversity statute requiring complete diversity" when section 1332(a)(3) was added under the 1948 revision and codification of the Judicial Code, Title 28, and "specifically used language that differs from the sections in which complete diversity had been applied." *Id.* at 498.  There is no indication, however, that Congress intended to change the complete diversity requirement for § 1332(a)(1) and (a)(2).

side of the dispute. *Id.* at 273. Finding "alien corporations on both sides of the controversy," we stated that the case lacked "the complete diversity required for a federal court to exercise diversity jurisdiction under § 1332(a)(2)." *Id.* at 272.

We join our sister circuits that have held the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2). Accordingly, the case must be dismissed for lack of subject matter jurisdiction.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.