PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROSEN SLAVCHEV,

*Plaintiff-Appellant,*

v.

ROYAL CARIBBEAN CRUISES,
LIMITED,

*Defendant-Appellee.*

No. 07-2036

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William D. Quarles, Jr., District Judge.
(1:06-cv-02630-WDQ)

Argued: December 4, 2008

Decided: March 11, 2009

Before NIEMEYER, MICHAEL, and GREGORY,
Circuit Judges.

Vacated and remanded with instructions by published opinion. Judge Niemeyer wrote the opinion, in which Judge Michael and Judge Gregory joined.

## COUNSEL

**ARGUED:** Philip M. Musolino, MUSOLINO & DESSEL, Washington, D.C., for Appellant. Robert P. O'Brien, NILES,

BARTON & WILMER, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Sylvia J. Rolinski, ROLINSKI & SUAREZ, L.L.C., Potomac, Maryland, for Appellant. David T. Lampton, NILES, BARTON & WILMER, L.L.P., Baltimore, Maryland, for Appellee.

---

## OPINION

NIEMEYER, Circuit Judge:

Relying on diversity jurisdiction conferred by 28 U.S.C. § 1332(a)(2), Rosen Slavchev, a citizen of Bulgaria, commenced this action against his former employer, Royal Caribbean Cruises, Limited, a Liberian corporation with its principal place of business in Florida. Slavchev sued Royal Caribbean for breach of contract and related claims arising out of an alleged oral contract to provide him compensation, beyond the payments he received for maintenance and cure, for his disability suffered while he was employed as a seaman with Royal Caribbean. In his complaint, Slavchev demands "no less than" $100,000 in damages and a jury trial.

On Royal Caribbean's motion, the district court entered summary judgment in favor of Royal Caribbean, concluding that Slavchev failed to advance sufficient evidence to demonstrate the existence of a contract.

On appeal, we invited the parties to submit supplemental briefs on subject matter jurisdiction. Now finding no subject matter jurisdiction, we vacate the district court's judgment and remand for dismissal for lack of subject matter jurisdiction.

### I

Slavchev is a Bulgarian citizen who worked as a cleaner on board the Royal Caribbean cruise ship *Rhapsody of the Seas*.

While working on the ship, he was diagnosed with ulcerative colitis, a chronic condition that responded well to medication. After a short convalescence, Slavchev returned to work on board the *Rhapsody* in April 2003. Three months later, however, he quit because he was tired and "did not have a desire to work." He returned to Bulgaria to work as a TV salesman and a waiter, and later he came to the United States on a student visa and worked as a waiter and a lifeguard.

After quitting work for Royal Caribbean and returning to Bulgaria, Slavchev continued to experience symptoms related to his colitis and obtained treatment for the condition in Bulgaria. When he contacted Royal Caribbean for reimbursement of his expenses, Royal Caribbean paid him maintenance (wages) and cure (medical expenses) until Slavchev attained "maximum medical improvement" in February 2004. After Slavchev's personal physician declared that Slavchev had reached maximum medical improvement, Royal Caribbean ceased making payments to Slavchev, as its responsibility for maintenance and cure had ended. *See Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 530 (1938) (finding no duty "beyond a fair time after the voyage in which to effect such improvement in the seaman's condition as reasonably may be expected to result from nursing, care, and medical treatment"); *Carleno v. Marine Transp. Lines, Inc.*, 317 F.2d 662, 665-66 (4th Cir. 1963) (holding the duty of maintenance and cure "is fulfilled when subsistence and medical care are furnished to the point where remedial medicine and surgery can do no more"). At the point when Slavchev had attained maximum medical improvement, his physician found him to be 60% disabled.

Slavchev does not make any claim for maintenance and cure. Rather, he alleges that in or about December 2003, Royal Caribbean's claims-handling employee, Andy Gillig, made an oral promise to pay Slavchev compensation for his 60% disability. As Slavchev testified, "Mr. Gillig told me that another department of Royal Caribbean in Miami or some-

place would cover 60 percent of my disability, and there was a lady Samantha or something." Slavchev could provide no further details of the agreement, except that it was made by telephone sometime around the end of 2003. He alleges that Gillig's oral promise was confirmed in an e-mail that Gillig sent to Slavchev's employment agency, which stated, "At this time, I will stop all of Mr. Slavchev's sick wages, and send his chart to claims, to be compensated appropriately for the 60% disability rating that the doctor has given him." When Slavchev was asked about what he gave in exchange for that promise, he testified, "I did not agree to anything, I just waited. I said okay, and I just waited to receive—I don't know what happened. I was waiting for the 60 percent compensation."

Based on this evidence, Slavchev commenced this action against Royal Caribbean for breach of contract and related duties, seeking a permanent injunction directing Royal Caribbean to provide him 60% disability compensation and at least $100,000 in damages. After discovery, the district court granted Royal Caribbean's motion for summary judgment, finding that no enforceable contract had been reached.

On appeal, we requested and the parties submitted supplemental memoranda on the district court's subject matter jurisdiction, as well as our own.

II

In his complaint, Slavchev invoked diversity jurisdiction as conferred under 28 U.S.C. § 1332(a)(2) and demanded to have his claims tried to a jury. Even though he might have invoked admiralty and maritime jurisdiction under 28 U.S.C. § 1333, he would not have had the benefit of a jury trial. *See In re Lockheed Martin Corp.*, 503 F.3d 351, 354-55 (4th Cir. 2007). Royal Caribbean suggested explicitly in its answer and implicitly in its motion for summary judgment that the district court also had jurisdiction under 28 U.S.C. § 1333, arguing

that any maintenance and cure claim under admiralty law had ended with the determination made by Slavchev's personal physician that Slavchev had reached maximum medical improvement. Slavchev responded that even if the right to maintenance and cure had ended, "Plaintiff neither asserted in his complaint, nor asserts now, that his contract claim flows from that body of law [maintenance and cure under maritime law]. As has been made clear throughout this case, Plaintiff asserts an enforceable agreement between himself and [Royal Caribbean]."

To support his invocation of diversity jurisdiction, Slavchev alleged that he is a citizen of Bulgaria and that Royal Caribbean is "a corporation with its principal place of business in Florida." Slavchev did not make any allegation about where Royal Caribbean was incorporated. When we requested supplemental memoranda on subject matter jurisdiction, however, both parties confirmed that Royal Caribbean is incorporated under the laws of Liberia, a foreign state.

Relying on Royal Caribbean's Florida citizenship, Slavchev now argues that he satisfies 28 U.S.C. § 1332(a)(2) (conferring jurisdiction on the district court in cases between a citizen of a State and a citizen of a foreign state). His argument, however, fails to address the fact that Royal Caribbean is incorporated in Liberia, a foreign state.

Construing 28 U.S.C. § 1332(c)(1), we conclude that a corporation with its principal place of business in one of the United States and incorporated under the laws of a foreign state has dual citizenship for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). It is both a citizen of a State and a citizen of a foreign state. Thus, this case involves a claim by an alien (Bulgarian) against a corporation with the dual citizenship of Florida and a foreign state, Liberia.

Under the long-standing requirement of *complete* diversity, which is applied to the dual citizenship of corporations, we find subject matter jurisdiction lacking. *See Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271, 272-73 (6th Cir. 2007); *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990-91 (9th Cir. 1994); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152-53 (5th Cir. 1985). *See generally* David A. Greher, Note, *The Application of 28 U.S.C. § 1332(c)(1) to Alien Corporations: A Dual Citizenship Analysis*, 36 Va. J. Int'l L. 233 (1995) (arguing for this approach). *Cf. Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806) (requiring complete diversity as between persons).

Because the district court did not have subject matter jurisdiction, as invoked by Slavchev, we vacate the district court's judgment and remand for dismissal for lack of subject matter jurisdiction.

### III

For the first time on appeal, Slavchev seeks also to invoke admiralty and maritime jurisdiction under 28 U.S.C. § 1333. Despite the position he took in the district court, he now argues that his contract claim, alleged to have arisen separately from his maintenance and cure claim, is nonetheless sufficiently connected to Royal Caribbean's maintenance and cure obligations to justify admiralty and maritime jurisdiction over his contract claim.

This late invocation of admiralty and maritime jurisdiction —for the first time on appeal—does not confer, *nunc pro tunc*, authority on the district court, which purported to act under the power conferred by diversity jurisdiction.

More importantly, Slavchev has not demonstrated that his claims fall within the admiralty and maritime jurisdiction con-

ferred by 28 U.S.C. § 1333. We conclude that they do not and hence would not support the district court's subject matter jurisdiction.

Slavchev alleges that around the time that Royal Caribbean discharged its maintenance and cure responsibilities, it incurred responsibilities under an oral contract by which it agreed to pay Slavchev compensation for his 60% disability. If such a contract had been created, it was surely a claim at law for breach of contract and not a claim for breach of a maritime contract. The contract was made some five months after Slavchev left his maritime employment with Royal Caribbean, while he was working in Bulgaria as a television salesman or a waiter. It was allegedly formed during a telephone conversation between him in Bulgaria and Gillig in Florida and thus was "a contract made on land, to be performed on land." *People's Ferry Co. of Boston v. Beers*, 61 U.S. (20 How.) 393, 402 (1857) (holding that shipbuilding contracts were not within the admiralty and maritime jurisdiction). Moreover, his claim depends on a contract separate from the maritime duties of maintenance and cure, which Royal Caribbean undisputedly resolved by satisfactory performance. We thus conclude that Slavchev's claim is "so attenuated from the business of maritime commerce that it does not implicate the concerns underlying admiralty and maritime jurisdiction." *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 200 (2d Cir. 1992); *see also Clinton v. Int'l Org. of Masters, Mates & Pilots of Am., Inc.*, 254 F.2d 370, 371-72 (9th Cir. 1958) (action based on breaches of by-laws and constitution of an organization of seamen is not a maritime claim); *Pacific Sur. Co. v. Leatham & Smith Towing & Wrecking Co.*, 151 F. 440, 441-44 (7th Cir. 1907) (surety contract insufficiently maritime even though it guaranteed performance of a maritime contract).

In sum we hold that the land-based contract in this case, purportedly entered into after Slavchev's maritime service had been completed and separate from Royal Caribbean's tra-

ditional maritime duties, which themselves had been satisfied, was not sufficiently "salty" to support admiralty and maritime jurisdiction. *See Norfolk Southern Ry. Co. v. Kirby Pty Ltd.*, 543 U.S. 14, 22 (2004).

*VACATED AND REMANDED WITH INSTRUCTIONS*