NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0040n.06

No. 19-3722

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KAREN CHONGAH HAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| HANKOOK TIRE CO., LTD., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, DONALD, and MURPHY, Circuit Judges.

SUHRHEINRICH, Circuit Judge. This is the second time that Karen Han has filed the present claims against Hankook Tire Company. In the first case, Han brought her claims jointly with Peninsula Asset Management, a company she owned that was registered in the Cayman Islands. When that case was filed, no one noticed that the presence of alien companies on both sides of the dispute (Hankook is a South Korean entity) deprived the federal court of diversity jurisdiction. That jurisdictional defect became apparent only after the court granted Hankook's summary judgment motion and Han appealed. To preserve its summary judgment win, Hankook argued that the court could dismiss Peninsula and retain jurisdiction over Han's claims. Han objected to that proposal, contending that Peninsula was "indispensable" to the case. The court agreed with Han and dismissed the first case for lack of subject-matter jurisdiction.

When Han refiled her claims against Hankook in the present case, she purported to pursue them individually and as the "real party in interest" for Peninsula. Finding this assertion to be

inconsistent with her prior representation that Peninsula was indispensable, the district judge applied the doctrine of judicial estoppel and dismissed the case with prejudice.

Han argues that the district judge erred because her present claims are not inconsistent with the stance she took in the prior case. She also contends that, even if judicial estoppel applies, the court should have dismissed the matter without prejudice. Because the district judge properly applied judicial estoppel to dismiss Han's claims with prejudice, we affirm.

**I.**

In 2004, Karen Han and Peninsula Asset Management (Cayman) Ltd. (a Cayman Islands company owned entirely by Han) filed a lawsuit in the Northern District of Ohio claiming that Hankook Tire Company, Ltd. (a South Korean company) breached a contract and committed fraud. The claims arose from a business relationship between Peninsula and Hankook's subsidiary, Ocean Capital Investment Limited. In a lengthy opinion, the district court granted summary judgment in Hankook's favor. *Memorandum Opinion*, *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, No. 5:04-cv-1153 (N.D. Ohio, Oct. 13, 2006), ECF No. 184.

After they lost on summary judgment, Han and Peninsula appealed to this court. Without reaching the merits of the appeal, we determined that "[b]ecause there are alien corporations on both sides of the controversy, this case lacks the complete diversity required for a federal court to exercise diversity jurisdiction under [28 U.S.C.] § 1332(a)(2)." *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271, 272 (6th Cir. 2007). Accordingly, we remanded the case "for consideration of the need to dismiss for lack of subject matter jurisdiction." *Id.* at 273.

On remand, Hankook argued that, although Peninsula was non-diverse, the court could retain jurisdiction over Han's claims because Peninsula was a "nominal" or "dispensable" party. *Motion to Dismiss Dispensable Party*, *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*,

No. 5:04-cv-1153 (N.D. Ohio, Dec. 20, 2007), ECF No. 215, at ID# 8670. In support, Hankook asserted that Peninsula had ceased doing business and "had been wrapped up" before the lawsuit was filed. *Id.* at ID# 8671. As Hankook noted, a court has the authority to dismiss a dispensable party to preserve diversity jurisdiction. *Id.* (citing Fed. R. Civ. P. 21; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

Facing a loss on the merits, Han contended that Peninsula was "indispensable" and deprived the court of diversity jurisdiction. *Response in Opposition to Motion to Dismiss Dispensable Party*, *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, No. 5:04-cv-1153 (N.D. Ohio, Jan. 2, 2008), ECF No. 216, at ID# 8683. According to Han, Peninsula was "an essential party in Plaintiffs' main claim—breach of contract" because that claim was "based on the contract between Peninsula and [Hankook's subsidiary] Ocean Capital Investment (L) Limited." *Id.* at ID# 8683–64. Han made clear that, although Peninsula was "dormant business-wise," it "exist[ed] for [the purposes of] this lawsuit," i.e., the 2004 case. *Id*. at ID# 8682.

The district judge agreed with Han and "reject[ed] the notion that Peninsula is a dispensible [sic] or nominal party." *Memorandum Opinion and Order*, *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, No. 5:04-cv-1153 (N.D. Ohio, Feb. 1, 2008), ECF No. 219, at ID# 8703. Because Peninsula was non-diverse and indispensable, the court dismissed the 2004 case for lack of jurisdiction. *Id.*

Nearly ten years later, Han initiated the present case by refiling her claims against Hankook. In the present complaint, Han asserts her claims both individually and "as the real party in interest" for Peninsula, which according to Han is now "defunct." *Id.*, ID# 3.

As the district court was analyzing Hankook's motion to dismiss, it discovered that Han avoided summary judgment in the prior case by arguing that her claims could not proceed without

Peninsula. Based on that fact, the district judge concluded that "allowing Han to proceed on this action without the presence of Peninsula would give Han the unfair advantage of essentially having a second bite of the apple." *Id*. To prevent that "unseemly maneuver," the court applied the doctrine of judicial estoppel and dismissed Han's claims with prejudice. *Id.* at 279. Han filed a motion for reconsideration, which the court denied.

In this appeal, Han challenges the district court's application of judicial estoppel to dismiss her claims. We review questions of judicial estoppel de novo. *In re Ohio Execution Protocol*, 860 F.3d 881, 891 (6th Cir. 2017) (en banc).

**II.**

When a party convinces a court to take a certain position, and later advocates an inconsistent position, the court can apply the doctrine of judicial estoppel to prevent that party from playing "fast and loose" with the courts. *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598–99 (6th Cir. 1982). There is no set formula for assessing when judicial estoppel should apply. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). However, courts usually focus on three factors. First, "a party's later position must be 'clearly inconsistent' with its earlier position." *Id*. Second, a court should review "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* (quoting *Edwards*, 690 F.2d at 599). Finally, the court should evaluate whether the party advancing an inconsistent position would gain an unfair advantage if allowed to proceed with that argument. *Id.* at 751.

This case meets the first factor: Han has advocated inconsistent positions. When the prior case was remanded to consider whether Peninsula's presence deprived the court of diversity jurisdiction, Han argued that Peninsula was "indispensable" because she could not pursue the

contract claims on Peninsula's behalf. Now, however, Han asserts that she is the "real party in interest" for Peninsula and can litigate the contract claims on its behalf.

Despite Han's argument to the contrary, the fact that Peninsula is now "defunct" does not harmonize her contradictory positions. When Hankook argued in the prior case that Peninsula was no longer in business and therefore "nominal," Han argued that Peninsula was "essential" to the contract claim and continued to exist for the purposes of the lawsuit, even though it was already "dormant business-wise." She now asserts that the simple lapse of Peninsula's registration automatically (without any formal transfer of assets or assignment of contract rights) made her the "real party in interest" to Peninsula's claims. If that were true, Peninsula should have been considered nominal in the first case, as Hankook contended.

The second factor of the estoppel test is also met. The district judge in the prior case concluded that Peninsula was indispensable and dismissed the case for lack of jurisdiction. If Han prevailed on her present claims, it would create the impression that the court had been misled, either in the prior case or the present one.

The third factor is satisfied as well. Han would gain an unfair advantage from being permitted to pursue her claims as the real party in interest for Peninsula. The claims that form the basis of Han's present complaint lost on summary judgment in 2006. To circumvent that result, Han took the unusual step of arguing that the court in which she filed her complaint lacked jurisdiction. If she had argued at that time that she was the "real party in interest" for Peninsula, it is likely that the court would have dismissed Peninsula, retained jurisdiction over Han's claims, and reaffirmed the grant of Hankook's summary judgment motion.

Because Han previously disavowed the capacity to bring the claims she sets out in the present complaint, dismissal with prejudice is the only adequate sanction. *See Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 45 (1991) (observing that "outright dismissal of a lawsuit," although it is a "particularly severe sanction" is "within the court's discretion"). To sidestep the summary-judgment loss in the first case, Han argued that she (1) lacked the capacity to pursue claims on behalf of Peninsula and (2) had no individual claims that could be adjudicated without Peninsula. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004) (holding that a party is dispensable if its "interests are severable and a decree without prejudice to their rights may be made" (quoting *Horn v. Lockhart*, 84 U.S. 570, 579 (1873))). Those representations fundamentally eviscerate Han's present claims.

Finally, to be clear, the district court did not dismiss the case for lack of jurisdiction. *Contra* Han's Reply Brief at 12. The district court discussed whether judicial estoppel could be applied to questions of subject-matter jurisdiction, but only to distinguish the cases Han cited on that issue. As discussed above, the application of judicial estoppel in this case goes directly to the merits of Han's claims.

### III.

Therefore, we **AFFIRM** the district court's dismissal of Han's complaint with prejudice.