RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0175p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

AKNO 1010 MARKET STREET ST. LOUIS MISSOURI LLC,

         *Plaintiff-Appellant*,

    *v.*

NAHID POURTAGHI,

         *Defendant-Appellee*.

No. 21-2959

─────────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:18-cv-13498—Terrence George Berg, District Judge.

Decided and Filed:  August 8, 2022

Before:  GILMAN, GRIFFIN, and THAPAR, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Eric A. Parzianello, John A. Hubbard, Kevin C. Majewski, HUBBARD, SNITCHLER & PARZIANELLO, Plymouth, Michigan, for Appellant.  Adam G. Winnie, Scott T. Seabolt, HICKEY HAUCK BISHOFF JEFFERS & SEABOLT, PLLC, Plymouth, Michigan, for Appellee.

─────────────────

## OPINION

─────────────────

GRIFFIN, Circuit Judge.

Federal courts have subject-matter jurisdiction in certain cases where there is complete diversity of citizenship.  28 U.S.C. § 1332(a).  Here, the parties and the district court spent years in discovery and dispositive motion practice without properly establishing the parties'

citizenship.  Because we are not convinced that the parties are diverse, we vacate the district court's judgment and remand for consideration of subject-matter jurisdiction.

I.

Plaintiff Akno 1010 Market Street St. Louis Missouri, LLC, sued Canadian resident Nahid Pourtaghi in federal district court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(2).  This statute allows federal courts to hear disputes between "citizens of a State and citizens or subjects of a foreign state."  *Id.*  Plaintiff did not, however, adequately allege its own citizenship—it merely asserted that it is "organized under the laws of Michigan."  Compl. ¶ 1. A limited liability company (commonly known as an "LLC") has the citizenship of its members and sub-members.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see also B&N Coal*, *Inc. v. Blue Racer Midstream*, *LLC*, No. 19-4111, 2020 WL 9474311, at *1 (6th Cir. Dec. 2, 2020) (holding that commonality of citizenship between plaintiff and defendant's sub-member destroyed diversity of citizenship).  Unlike a corporation, an LLC's state of organization does not establish its citizenship.  *Cf.* 28 U.S.C. § 1332(c)(1) (providing that a *corporation* is a citizen of the state "by which it has been incorporated").

Neither the parties nor the district court addressed this pleading deficiency.  Over the course of three years, the parties litigated a motion to dismiss, conducted discovery, and ultimately filed cross-motions for summary judgment.  The district court held a hearing on these motions and granted summary judgment in favor of Pourtaghi.  Akno 1010 appealed that decision to this Court.

After the parties fully briefed this appeal and we scheduled oral argument on its merits, we became concerned about our subject-matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").  We ordered supplemental briefing, which only deepened our doubts about whether federal courts can hear this case in its current form.

Akno 1010 asserts that, at the time it filed this action, its sole member was Akno Enterprises Michigan Limited, LLC.  CA6 Dkt. 37, pg. 7.  This LLC's sole member was in turn

Akno Group f/k/a SSP Societe De Services Et De Participations SA, a Swiss holding company that was wholly owned by Italian citizen Massimo Nouhi. *Id.* It therefore appears that Akno Group is a foreign citizen and that its citizenship flows to plaintiff. *See Delay*, 585 F.3d at 1005.

Our caselaw is clear that "the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)." *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008). Put differently, if a foreign citizen sues a foreign citizen—which seems to be what happened here—we lack subject-matter jurisdiction to decide the dispute. And when we lack subject-matter jurisdiction, we must dismiss the case regardless of the time or resources spent on it. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 764–65 (6th Cir. 2019).

The parties note that plaintiff has undergone a corporate restructuring since it filed its complaint, but this is irrelevant to determining our jurisdiction in this proceeding. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). Thus, plaintiff's new corporate structure does not ease our concerns about subject-matter jurisdiction.

Given the parties' supplemental briefs, we conclude that the most prudent course is to remand to the district court for it to decide the issue of subject-matter jurisdiction in the first instance.

II

We close by emphasizing three well-established principles of diversity jurisdiction. Recognition of these principles below would have avoided our vacatur of the district court's judgment.

First, the party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. *See Hertz Corp.*, 559 U.S. at 96. This means that a plaintiff (or a defendant in a removal action) must fully allege the citizenship of each party. *See Prime Rate*, 930 F.3d at 765 ("It . . . behooves parties to be meticulous in jurisdictional matters."). And because district

courts have "an independent obligation to determine whether subject-matter jurisdiction exists," *Hertz Corp.*, 559 U.S. at 94, they must hold litigants to this requirement.

Second, LLCs are *not* corporations, and different pleading rules apply when these entities are parties to a diversity suit. *See Delay*, 585 F.3d at 1005. Alleging that an LLC is organized under the laws of a certain state does nothing to establish its citizenship. Rather, LLCs have the citizenships of their members and sub-members. *Id*. Thus, when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member. *Id*.

Finally, litigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources. *See Prime Rate*, 930 F.3d at 764–65. Take this case as an example: the parties litigated these claims for more than three years, fully briefed and argued two dispositive motions and an appeal, conducted full discovery, and endured all of the stress and inconvenience inherent to a lawsuit. For its part, the district court held hearings, issued opinions, and otherwise oversaw this case's progress. All this work is now called into doubt because of the jurisdictional issue.

Any of the participants below could have avoided this outcome: the district court could have issued a show-cause order after reviewing the complaint when it was filed, *U.S. Motors*, 551 F.3d at 422; defendant could have moved to dismiss or for a more definite statement, Fed. R. Civ. P. 12(b)(1), (e); and plaintiff could have adequately alleged citizenship or amended its complaint, *see Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). But because this issue went unnoticed until now, years of litigation might be swept away.

III.

We therefore vacate the judgment and remand to the district court for consideration of subject-matter jurisdiction.