# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-10340

BILLY J MULLINS JR; FARAWAY ENTERPRISES

Plaintiffs-Appellees-Cross-Appellants

v.

TESTAMERICA INC; SAGAPONACK PARTNERS LP

Defendants-Appellants-Cross-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-106

Before KING, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

On October 31, 2008, pursuant to our "duty to raise the issue of subject matter jurisdiction sua sponte," see H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc., 227 F.3d 326, 328 (5th Cir. 2000) (emphasis added), we requested that the parties identify and provide citations to record evidence substantiating the citizenship of all limited and general partners of Defendant Sagaponack Partners, L.P., both as of the date when the case was removed to federal court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

solely on the basis of diversity jurisdiction and as of the date when Plaintiffs filed their second amended complaint adding Sagaponack as a defendant (after it was initially dismissed for want of personal jurisdiction). This inquiry was precipitated by deficient allegations of diversity in the notice of removal and the second amended complaint with respect to Sagaponack's citizenship.

When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be "'distinctly and affirmatively alleged.'" Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (quoting McGovern v. Am. Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975)). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." Stafford v. Mobil Oil Corp., 945 F.2d 803, 805 (5th Cir. 1991). As noted in our recent request, the citizenship of a limited partnership such as Sagaponack is that of all its partners, general and limited. See Carden v. Arkoma Assocs., 494 U.S. 185, 189, 192-97, 110 S. Ct. 1015, 1018-22 (1990); Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 856 & n.3 (5th Cir. 2003). The notice of removal in this case identified Sagaponack as "a limited partnership existing under the laws of the State of New York" and asserted that "Sagaponack is now and was at the time this action was commenced a citizen of the State of New York and of no other state." No mention was made of Sagaponack's partners, let alone their respective states of citizenship. The second amended complaint similarly failed to disclose the citizenship of Sagaponack's partners, describing Sagaponack (inconsistently) as a "Delaware limited partnership." Under Carden, these allegations are facially insufficient to establish the existence of diversity jurisdiction.

In their responses to our request, the parties concede that no record evidence substantiates the citizenship of Sagaponack's partners. Instead, Defendants contend that Plaintiffs have not disputed that none of Sagaponack's partners is a citizen of Texas, as is each Plaintiff. The absence of a dispute

between the parties regarding the existence of diversity jurisdiction is irrelevant, however, because "subject-matter jurisdiction cannot be created by waiver or consent." Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). We also reject Defendants' reliance on the district court's statement in its final judgment that the court "had jurisdiction over the subject matter and the parties to this proceeding." Given the dearth of allegations and evidence in the record to support the citizenship of Sagaponack, this conclusion does not definitively establish diversity jurisdiction.

Defendants also disclose, for the first time, an extensive list of general and limited partners who are or were citizens of California, Colorado, Illinois, New Jersey, New York, Massachusetts, Michigan, Nevada, Canada, and the British Virgin Islands at the time of removal or of the filing of the second amended complaint. Notably, these allegations conflict with Defendants' previous assertion that Sagaponack was a citizen of "New York and no other state" at the time suit was filed and later removed. Moreover, Defendants' disclosure remains inadequate. Defendants list numerous limited partners, including a limited liability company, several trusts, two limited partnerships, and several other businesses of unknown type, for which they provide no citizenship information. Defendants' stated belief "[t]o the best of [their] knowledge" that none of these entities has members, partners, trustees, or principal places of business in Texas or is organized under Texas law falls manifestly short of distinctly and affirmatively alleging Sagaponack's citizenship. See, e.g., Ill. Cent. Gulf R.R. Co. v. Pargas, Inc., 706 F.2d 633, 636 & n.2 (5th Cir. 1983) ("[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1206, at 78-79 (1969 & Supp. 1983)) (internal quotations omitted)); see also, e.g., Barkhorn v. Adlib Assocs., Inc., 345 F.2d 173, 174 (9th Cir. 1965) ("Parties cannot confer

jurisdiction on a federal court simply by expressing confidence in it.").

Defendants invoke 28 U.S.C. § 1653, which confers discretion upon trial and appellate courts to allow parties to cure defective jurisdictional allegations by amending their pleadings. See § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Nadler v. Am. Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985). Although this statute is liberally construed, we have permitted direct amendments to pleadings on appeal only when "our discretionary examination of the record as a whole discloses at least a substantial likelihood that jurisdiction exists . . . ." Nadler, 764 F.2d at 413 (granting leave to amend because allegations regarding the plaintiffs' state of "residence" suggested where they resided for diversity purposes, and deposition testimony in the record indicated that the defendant corporation was incorporated in a different state); see also, e.g., Carlton v. BAWW, Inc., 751 F.2d 781, 789 (5th Cir. 1985) (allowing amendment on appeal when the record plainly reflected that jurisdiction existed). Here, we find no evidence in the record, and the parties have cited none, suggesting that Sagaponack is substantially likely to be completely diverse from Plaintiffs. At the same time, and taking into account that the parties have never disputed the existence of diversity, we have some reason to believe that diversity jurisdiction exists. Under these circumstances, the appropriate course is to remand the case to the district court for amendment of the jurisdictional allegations, supplementation of the record (if necessary), a hearing (if necessary), and findings by the district court on the citizenship of the parties. See Molett v. Penrod Drilling Co., 872 F.2d 1221, 1227-29 (5th Cir. 1989) (per curiam); Strain v. Harrelson Rubber Co., 742 F.2d 888, 889-90 & n.2 (5th Cir. 1984) (per curiam); Ill. Cent. Gulf R.R. Co., 706 F.2d at 638. In order to expedite the eventual disposition of the appeal that precipitated this inquiry, we direct the district court to enter the necessary findings no later than January 9, 2009. If the

district court concludes that diversity jurisdiction does not exist, it should vacate the judgment and remand the action to state court and so notify this court.

## Conclusion

We therefore REMAND this case in full to the district court. The Clerk of this court shall provide the district court with copies of our October 31, 2008 request, the parties' letter responses, and this opinion. We will retain the record in this court unless it is requested by the district court. If the district court concludes that it has diversity jurisdiction, the Clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's opinion on jurisdiction and forward the supplemental record to this court. The parties will be required to file a new notice of appeal (and cross-appeal, if necessary) covering the entire case. However, no further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the Clerk of this court. The case will be returned to this panel for disposition.

REMANDED. Each party shall bear its own costs.