# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20379

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2014

Lyle W. Cayce
Clerk

VANTAGE DRILLING COMPANY,

                                        Plaintiff–Appellant,

v.

HSIN-CHI SU, also known as Nobu Su,

                                        Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant Vantage Drilling Company (Vantage) is incorporated in the Cayman Islands, with its principal place of business in Texas. Defendant–Appellee Hsin-Chi Su is a Taiwanese citizen. Vantage sued Su in Texas state court on various state law claims arising from Su's role as a director of Vantage from 2008 to 2011. After Su removed the case to federal district court on the basis of diversity jurisdiction, Vantage moved for remand, which the district court denied. Vantage appeals the district court's denial of remand. Because Vantage is a corporation with foreign citizenship and Su is a foreign citizen, we reverse and remand with instructions that the district court remand this case to the state court from which it was removed.

No. 13-20379

## I

Vantage is an offshore drilling contractor that provides drilling units, related equipment, and work crews to major oil and natural gas companies around the world. Vantage is incorporated in the Cayman Islands, with its principal place of business in Texas. Su served on Vantage's board of directors from June 2008 to April 2011. Su is a Taiwanese citizen. In August 2012, Vantage filed suit against Su in Texas state court for: breach of fiduciary duty; fraud, fraudulent inducement, and negligent misrepresentation; and unjust enrichment. Vantage sought damages, the imposition of a constructive trust on all profits or benefits obtained by Su, and a full accounting for all such profits and benefits.

Su timely removed the case to federal district court on the basis of diversity jurisdiction, alleging that diversity of citizenship existed by virtue of Vantage's Texas citizenship and Su's Taiwanese citizenship, and that the amount in controversy requirement of 28 U.S.C. § 1332(a) was satisfied because the profits and benefits obtained by Su and sought by Vantage included approximately 100 million shares of Vantage stock and tens of millions of dollars in loans and cash. Vantage moved for remand, arguing that Vantage's Cayman Island's incorporation and Su's Taiwanese citizenship destroyed diversity jurisdiction because of the presence of aliens on both sides of the litigation.

The district court denied Vantage's motion to remand. It agreed that Vantage had dual citizenship, one of which was foreign, and that Su was a foreign citizen. However, it concluded that complete diversity was lacking only between Su and "one aspect of the single plaintiff with dual citizenship," and not Su and Vantage as parties. Noting that Vantage has no employees or operations in the Cayman Islands and that its headquarters and primary operations are in Texas where it "hires local workers, buys local supplies, rents

local buildings, donates to local charities, and serves local customers," the district court concluded that Vantage was "fully Texan" and that Su, as a "fully foreign party," might face parochialism in a state court. Analogizing to human citizens for whom "[r]emoval is proper if the dual national's dominant nationality is American irrespective of its other affiliations," the district court held that Vantage could not "rely[] on its foreign charter to avoid a national court despite the predominant reality of its existence."

Vantage filed a petition for permission to appeal the district court's order denying remand, which was denied due to the district court's failure to properly certify the order for appeal under 28 U.S.C. § 1292(b). Following an amended order from the district court certifying the denial of remand for interlocutory appeal, Vantage filed a second petition for permission to appeal the district court's order, which we granted. This interlocutory appeal followed.

## II

"We review de novo a denial of remand to state court."[1] Remand is required "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court."[2] Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties.[3] The burden is on the removing party to show that removal is proper.[4] Any "doubts regarding

---

[1] *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (per curiam).

[2] *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (quoting 28 U.S.C. § 1447(c)) (internal quotation marks and alterations omitted).

[3] 28 U.S.C. § 1332(a); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

[4] *Mumfrey*, 719 F.3d at 397.

No. 13-20379

whether removal jurisdiction is proper should be resolved against federal jurisdiction."[5]

### III

The facts of this case are substantially similar to those we addressed in *Chick Kam Choo v. Exxon Corp.*[6] In *Chick Kam Choo*, a Liberian corporation with its principal place of business in New Jersey was sued in Texas state court by citizens of Singapore.[7] The case was removed to federal court on the basis of diversity jurisdiction and the district court denied the plaintiffs' motion for remand.[8] We reversed, holding that "diversity jurisdiction under 28 U.S.C. § 1332(a)(2) may not be invoked in a suit between an alien and an alien corporation with its principal place [of] business in a state of the United States."[9]

Our holding rested on two main principles. First, § 1332(c)(1), which deems a corporation a citizen of "every State and foreign state" in which it is incorporated and the "State or foreign state" where it has its principal place of business, applies to alien corporations.[10] Second, § 1332(a)(2) requires complete diversity.[11] Because the defendant was incorporated in Liberia, it

---

[5] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[6] 764 F.2d 1148 (5th Cir. 1985).

[7] *Chick Kam Choo*, 764 F.2d at 1149-50.

[8] *Id.* at 1150.

[9] *Id.* at 1153; *see also id.* at 1152 ("The question here is whether a suit may be maintained in federal court between an individual alien and an alien corporation having its principal place of business in a state of the United States. We answer this question in the negative.").

[10] *Id.* at 1151-52; *see* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

[11] *Chick Kam Choo*, 764 F.2d at 1151; *see* 28 U.S.C. § 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

was a citizen of a foreign state under § 1332(c)(1).[12]  Because the plaintiffs were citizens of Singapore, there were aliens on both sides of the litigation, complete diversity was lacking, and diversity jurisdiction did not exist.[13]

Applying these principles to the present case dictates an identical outcome because it is undisputed that Vantage is a citizen of a foreign state under § 1332(c)(1) and that Su is also an alien.  Thus, as in *Chick Kam Choo*, there are aliens on both sides of the litigation, complete diversity is lacking, and there can be no diversity jurisdiction.

Su asserts, however, that *Chick Kam Choo* based its decision on an additional rationale: given the underlying purpose of diversity jurisdiction to afford a neutral forum to out-of-state parties who might be subject to local bias, there was no need to permit diversity jurisdiction in *Chick Kam Choo* because the risk of such bias was remote.[14]  Su contends that this justification does not apply in the present case because the risk of prejudice to Su is more than remote.  To this end, he argues that, unlike the foreign plaintiffs in *Chick Kam Choo* who were unlikely to benefit from local bias, Vantage is likely to reap the rewards of a local forum because it is a dual citizen plaintiff with its principal place of business and primary operations in Texas.  Accordingly, unlike the defendant in *Chick Kam Choo* which did not need the protection of a federal forum because of the remote risk of local bias favoring the foreign plaintiffs, Su contends that he needs a federal forum to avoid the "significant danger that

---

the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . .").

[12] *Chick Kam Choo*, 764 F.2d at 1152.

[13] *Id.*

[14] *See id.* at 1153 ("[T]he danger is remote that the alien plaintiff will benefit from local bias of state courts or juries.  Thus, the underlying purpose of diversity jurisdiction simply would not be furthered by its extension under the facts of this case.").

. . . as the alien defendant [he] will be unfairly prejudiced by the local bias of the state courts or state juries."

However, the fact that Su may be subject to local bias while the defendant in *Chick Kam Choo* was not is relevant only if the minimal risk of prejudice against the defendant in *Chick Kam Choo* was a necessary basis for our decision.[15]  We conclude that it was not.

First, the comments in *Chick Kam Choo* regarding the remote risk of bias to the defendant came after we had already held that "[b]ecause [the defendant] is a citizen of Liberia, and because the plaintiffs are citizens of Singapore, diversity jurisdiction may not therefore be invoked under § 1332(a)(2)."[16]  Second, the phrasing of the discussion—"[o]ur decision is *also* grounded in the clearly established congressional policy underlying diversity jurisdiction"—indicates that the remote risk of bias provided *supplemental*, rather than necessary support for our decision.[17]  Indeed, we have previously considered other circumstances in which a non-resident defendant may face local bias and have not concluded that a federal forum is justified or that diversity jurisdiction exists by virtue of the risk of prejudice to the defendant.[18]

---

[15] *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996) ("When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound."); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) ("[A] prior panel's explication of the rules of law governing its holdings may not generally be disregarded as dictum."); *cf. In re Hearn*, 376 F.3d 447, 453 (5th Cir. 2004) (concluding that analysis in an earlier decision was not binding because it was "unnecessary to the decision in the case and therefore not precedential") (internal quotation marks omitted).

[16] *See Chick Kam Choo*, 764 F.2d at 1152.

[17] *See id.* at 1152 (emphasis added).

[18] *See, e.g., Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 402, 412 (5th Cir. 2004) (ordering remand to Mississippi state court of suit brought by Mississippi plaintiffs despite citizenship of defendants from California, Arkansas, and other states, due to lack of diversity between plaintiffs and defendants from Mississippi); *see also* 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12[1] (3d ed. 2013) (explaining that under the rule of

The discussion in *Chick Kam Choo* concerning the remote risk of bias to the defendant was an alternative ground for our decision and not a "portion[] of the opinion necessary to that result."[19]

Our view finds additional support in the fact that other circuits facing similar alignments of parties and citizenships have also concluded that complete diversity is lacking and that diversity jurisdiction does not exist.[20] Even though allowing this case to proceed in federal court might further the underlying purpose of the diversity statute, "[u]ntil Congress changes our jurisdiction and allows us to hear cases based on something less than complete diversity, we cannot act."[21]

*      *      *

For the foregoing reasons, we REVERSE and REMAND with instructions that the district court remand this case to the state court from which it was removed.

---

complete diversity, diversity jurisdiction may be held not to exist despite the risk of prejudice to an out-of-state defendant sued in state court).

[19] *See Seminole Tribe*, 517 U.S. at 67.

[20] *E.g.*, *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271, 272-73 (6th Cir. 2007) (holding that one plaintiff's incorporation abroad destroyed diversity jurisdiction in suit against fully foreign South Korean defendants even though plaintiff may have had its principal place of business in the United States); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581-82 (2d Cir. 2002) (holding that plaintiff's incorporation abroad destroyed diversity jurisdiction in suit against fully foreign Italian defendants even though plaintiff may have had its principal place of business in New Jersey); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990-93 (9th Cir. 1994) (holding that assignment of contract rights from subsidiary to parent was collusive attempt to maintain diversity jurisdiction because diversity jurisdiction in suit against fully foreign defendant would have been destroyed by subsidiary's incorporation in Bermuda even though its principal place of business was Oregon).

[21] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc).