**Dissenting Opinion on Denial of Motion for En Banc Rehearing filed November 3, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00461-CV

---

### HSIN-CHI-SU A/K/A NOBU SU, Appellant

### V.

### VANTAGE DRILLING COMPANY, Appellee

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-47755**

---

# DISSENTING OPINION ON DENIAL OF MOTION FOR EN BANC REHEARING

This appeal raises important issues regarding the jurisdiction of state courts after removal of a case to federal court. In deciding the appeal, a panel of this court has concluded that (1) a case may be remanded from a federal district court to a state trial court without a remand order; (2) the absence of a remand order is a procedural defect that does not affect the state court's jurisdiction to proceed in a

case removed to federal district court; and (3) parties may waive the lack of the state court's subject-matter jurisdiction resulting from the failure to satisfy a prerequisite to the revesting of jurisdiction in the state court if the parties participate in the state court proceedings without objecting to the court's lack of jurisdiction. These conclusions conflict not only with precedent from this court but also with longstanding precedent from the Supreme Court of Texas and the Supreme Court of the United States. If for no other reason, en banc rehearing is necessary to maintain uniformity of this court's decisions.

### *Relevant Jurisdictional Facts*

Appellee/plaintiff Vantage Drilling Company filed suit against appellant/defendant Shin-Chi-Su, a/k/a Nobu Su, on August 21, 2012, in the 295th District Court of Harris County, Texas (the "State Court"). Two months later, Su timely removed the case to the United States District Court for the Southern District of Texas, Houston Division (the "Federal Court"). The Federal Court denied Vantage's motion to remand. The United States Court of Appeals for the Fifth Circuit allowed a permissive appeal from this ruling and determined that the trial court erred in denying Vantage's motion to remand. *See Vantage Drilling Co. v. Hsin-Chi-Su*, 741 F.3d 535, 536 (5th Cir. 2014) (per curiam). The Fifth Circuit rendered a judgment in which it reversed the Federal Court's order denying remand and remanded the case to the Federal Court with instructions to remand the case to the State Court. *See id*. at 539. The Fifth Circuit did not reverse and render an order remanding the case to the State Court. *See id*. On January 21, 2014, before the Fifth Circuit issued its mandate, the Federal Court signed an order remanding the case to the State Court. Two days later, while it had power to do so, the Federal Court vacated its remand order. On February 3, 2014, the Federal Court received the mandate from the Fifth Circuit instructing the Federal Court to

2

remand the case to the State Court. But, the Federal Court did not sign a remand order until almost seven months later.

Meanwhile, despite the absence of a remand order from the Federal Court, on February 14, 2014, Vantage amended its petition in the State Court and asked the State Court to issue a temporary injunction against Su. Without any remand order from the Federal Court, the State Court conducted a temporary-injunction hearing over several days at the end of May 2014, and, on June 11, 2014, the State Court granted a temporary injunction. The following day, Su perfected this interlocutory appeal from the injunction order. On August 29, 2014, Su filed a motion in this court arguing that all of the State Court's actions since the case was removed to Federal Court — including the granting of the temporary injunction — were void for lack of subject-matter jurisdiction because the Federal Court had never remanded the case to the State Court. Six days later, the Federal Court signed a remand order which reads in its entirety: "This case **is** remanded to the 295th District Court of Texas, Harris County. Signed on September 4, 2014 at Houston, Texas."[1]

### *"Effectively Remanding" a Case Without a Remand Order*

In the panel opinion, the court concludes that, during the proceedings in the State Court from February 2014 through June 2014, the State Court had subject-matter jurisdiction because the case had been "effectively remanded" to the State Court, even though the Federal Court had not signed a remand order. *Hsin-Chi-Su v. Vantage Drilling Co.*, —S.W.3d—,—, No. 14-14-00461-CV, 2015 WL 4249265, at *6 (Tex. App.—Houston [14th Dist.] July 14, 2015, no pet. h.). The panel holds a remand order was unnecessary to revest jurisdiction in the State Court before the temporary-injunction hearing and issuance of the temporary-

---

[1] (emphasis added).

3

injunction order because it was "unmistakable" that the Federal Court intended to remand the case to the State Court. *See Hsin-Chi-Su*, —S.W.3d at —, 2015 WL 4249265, at *6. Under the unambiguous language of title 28, section 1447(c) of the United States Code and under precedent from the Supreme Court of Texas and the Fourteenth Court of Appeals, a remand order from the remanding court is a necessary requirement for a remand to occur. *See* 28 U.S.C. §1447(c) (West, Westlaw through P.L. 114-51) (providing that, after the federal court signs a remand order and sends it to the clerk of the state court, "[t]he State court may thereupon proceed with such case"); *Guilbot Serros de Gonzalez v. Gonzalez Guilbot*, 315 S.W.3d 533, 537–38 (Tex. 2010) (holding that "hand delivery of the remand order in this case successfully effected the transfer of jurisdiction from federal court to state court," allowing hand delivery rather than mailing of the order while still requiring a remand order, and stating that "what matters more is what the federal court ordered, not what the federal clerk mailed"); *Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226, 228–29 (Tex. 1999) (holding that, although some courts of appeals, including the Fourteenth Court of Appeals, had held that remand to the state court occurs when the federal court signs the remand order, remand did not occur in that case until after the federal court had signed the remand order and mailed a certified copy to the state court) (per curiam); *Reimer v. Scott*, 666 S.W.2d 384, 385–86 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd) (stating that remand order was needed for case to be remanded to state court), *abrogated in part on other grounds by*, *Quaestor Investments, Inc.*, 997 S.W.2d at 228–29. The panel's novel conclusion — that the Federal Court could effect remand by ostensibly forming an "unmistakeable" intent to remand the case to the State Court *without any remand order* — conflicts with these authorities.

The panel's determination that the case was remanded at some point before the proceedings leading up to the State Court's signing of the temporary-injunction order also conflicts with precedent from the Supreme Court of Texas and this court requiring a court to follow the unambiguous language of a court order. *See Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) (per curiam); *T.N. aka T.D. v. State*, No. 14-13-00012-CV, 2013 WL 6925028, at *3 (Tex. App.—Houston [14th Dist.] Nov. 5, 2013, no pet.) (mem. op.). Under the plain wording of the Federal Court's September 4, 2014 remand order, the remand did not occur before that date. So, the State Court had no subject-matter jurisdiction before that date.

### Absence of a Remand Order as a Procedural Defect

The panel concludes that the absence of a remand order is a procedural defect which Su could and did waive. *See Hsin-Chi-Su*, —S.W.3d at —, 2015 WL 4249265, at *7. In this part of its opinion, the panel relies on *Tellez v. City of Socorro*, in which the Supreme Court of Texas stated that, although subject-matter jurisdiction cannot be waived, procedural defects that do not affect subject-matter jurisdiction may be waived. *See* 226 S.W.3d 413, 414 (Tex. 2007) (per curiam). Thus, the panel appears to have concluded that the Federal Court's failure to sign a remand order is a procedural defect that does not affect the State Court's subject-matter jurisdiction. This holding conflicts with precedent from the Supreme Court of the United States, the Supreme Court of Texas, and the Fourteenth Court of Appeals, in which these courts conclude that upon removal to federal court, the state court loses subject-matter jurisdiction to proceed any further in the case unless and until the case is remanded, at which time the state court regains jurisdiction. *See Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 122, 1 S. Ct. 58, 60, 27 L.Ed. 87 (1882) (concluding that upon removal to federal court, the state court losses subject-matter jurisdiction and may proceed no further unless the case is

5

remanded); *Meyerland Co. v. F.D.I.C.*, 848 S.W.3d 82, 83 (Tex. 1993) (stating that once removal is effected the state court must proceed no further unless and until the case is remanded and that state court action after the removal of a case to federal court is void) (order); *Guilbot Serros de Gonzalez*, 315 S.W.3d at 536–38 (equating the effective remand of the case from federal court to state court with the "revesting" of jurisdiction in the state court); *Quaestor Investments, Inc.*, 997 S.W.2d at 228–29 (stating that a remand from federal court to state court terminates the jurisdiction of the federal court over the case and revests the state court with jurisdiction to act in the case); *Gonzalez Guilbot v. Estate of Gonzalez y Vallejo*, 267 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2008) (stating "[i]f a party follows the proper procedure for removing a case to federal court, the state court loses jurisdiction and may not proceed further unless the case is remanded"), *aff'd in part, rev'd in part on other grounds, and remanded by*, *Guilbot Serros de Gonzalez*, 315 S.W.3d at 534–41; *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 737 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (equating the remand of the case from federal court to state court with the "revesting" of jurisdiction in the state court). Under these precedents, the Federal Court's failure to sign a remand order is not a non-jurisdictional procedural defect but the failure of a prerequisite to the State Court's exercise of jurisdiction. *See Tugman*, 106 U.S. at 122, 1 S. Ct. at 60; *Meyerland Co.*, 848 S.W.3d at 83; *Guilbot Serros de Gonzalez*, 315 S.W.3d at 536–38; *Quaestor Investments, Inc.*, 997 S.W.2d at 228–29; *Gonzalez Guilbot*, 267 S.W.3d at 559; *Academy Corp.*, 21 S.W.3d at 737. The lack of a remand order is not a trifling thing. The remand order is essential. Its absence is not a procedural defect. It is a fatal defect.

### *No Waiver of Complaint to State Court's Subject-Matter Jurisdiction*

The panel also concludes that Su waived his complaint to the State Court's proceeding in the absence of a remand order from the Federal Court because Su did not voice this complaint in the trial court and because Su participated in the State Court proceedings. *See Hsin-Chi-Su,* —S.W.3d at —, 2015 WL 4249265, at *6–7. This part of the panel opinion conflicts with precedent from the Supreme Court of the United States, the Supreme Court of Texas, and the Fourteenth Court of Appeals. These courts uniformly hold that one may not waive a lack-of-subject-matter-jurisdiction complaint either by failing to object or by participating in proceedings before a court that lacks subject-matter jurisdiction. *See Tugman,* 106 U.S. at 122–23, 1 S. Ct. at 60–61 (stating that, even if a party participates in state court proceedings without objecting to the state court's lack of subject-matter jurisdiction because of a removal to federal court and no remand, the party has not waived its complaint that the state court lacked jurisdiction); *In re Crawford & Co.,* 458 S.W.3d 920, 928, n.7 (Tex. 2015) (holding that a party cannot waive a complaint regarding the trial court's lack of subject-matter jurisdiction); *Glassman v. Goodfriend,* 347 S.W.3d 772, 783 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc) (stating that subject-matter jurisdiction cannot be conferred by consent or waiver); *Univ. of Tex. Health Science Center at Houston v. Cheatham,* No. 14-14-00628-CV, 2015 WL 3878111, at *2, n.4 (Tex. App.—Houston [14th Dist.] June 23, 2015, no pet.) (holding that prerequisites to subject-matter jurisdiction of the trial court are never presumed and cannot be waived) (mem. op.); *In re S.A.H.,* 465 S.W.3d 662, 665 (Tex. App.—Houston [14th Dist.] 2014, no pet) (stating that subject-matter jurisdiction is essential to a court's power to decide a case and cannot be conferred by consent, estoppel, or waiver). If the trial court fails to note its lack of subject-matter jurisdiction and no one raises the issue

until long after substantial litigation, the court and the litigants may have lost valuable time and resources, but the loss does not change the result — the proceedings are void for lack of subject-matter jurisdiction. Arguments championing efficiency and judicial economy do not give parties a means to avoid the consequences of a lack of subject-matter jurisdiction. *See, e.g., Cheatham*, 2015 WL 3878111, at *2, n.4 (holding that party did not waive complaint to lack of a prerequisite to subject-matter jurisdiction, even though party waited nearly four years to assert this complaint in the trial court, because the trial court's jurisdiction is never presumed and cannot be waived). When a court lacks subject-matter jurisdiction, the proceedings are void.

### Necessity for En Banc Rehearing

Although en banc rehearing is disfavored, it is appropriate and necessary to resolve the conflicts between the panel opinion and the prior precedents of this court. *See* Tex. R. App. P. 41.2. Therefore, this court should grant appellant's motion for en banc rehearing. Because it does not, and instead lets the panel opinion stand, I respectfully dissent.

/s/    Kem Thompson Frost
Chief Justice

(Justice Christopher joins this dissenting opinion; Justices Boyce, Jamison, Busby, Donovan, Brown, and Wise vote to deny the motion for en banc rehearing) (Justice McCally not sitting).