# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2023

Lyle W. Cayce
Clerk

———————

No. 22-50933

———————

SXSW, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Federal Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-900

_____

Before Willett, Engelhardt, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

This appeal involves an insurance coverage dispute between SXSW, L.L.C. and Federal Insurance Company. But we cannot reach the merits because the parties have failed to establish diversity of citizenship. We remand to allow the district court to consider additional evidence regarding jurisdiction.

I.

SXSW planned to hold its annual "South by Southwest" festival in Austin in March 2020. But the City of Austin cancelled the 2020 festival on

No. 22-50933

account of the COVID-19 pandemic. When SXSW refused to refund ticket purchases, a group of would-be festival goers sued in a class action. The class settled, with a total litigation cost to SXSW of over $1 million.

SXSW sued its insurer, Federal, for failing to defend SXSW in the class action. Adopting the magistrate's report and recommendation, the district court denied SXSW's partial motion for summary judgment and granted Federal's motion for summary judgment. SXSW appealed.

## II.

In their opening appellate briefs, the parties agreed that the district court had jurisdiction under 28 U.S.C. § 1332(a)(1). SXSW contended that we have jurisdiction under 28 U.S.C. § 1291.

Notwithstanding the parties' agreement, we have an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–99 (1998). We could not find proper allegations or evidence of SXSW's citizenship. So we gave notice before oral argument that the parties should discuss this issue. When questioned, the parties pointed to one page in the record. Oral Arg. Trans. 16:30–17:00; ROA.519. But that record cite is insufficient to support jurisdiction.

## A.

Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). To properly allege diversity jurisdiction under § 1332, the parties need to allege "complete diversity." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam). That means "all persons on one side of the

controversy [must] be citizens of different states than all persons on the other side." *Ibid.* (quotation and citation omitted).

This case presents two evergreen issues related to diversity jurisdiction: residency versus citizenship for individuals and citizenship for LLCs. *See, e.g.*, *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019).

"The difference between *citizenship* and *residency* is a frequent source of confusion." *Id.* at 313. For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. *See Gilbert v. David*, 235 U.S. 561, 568–69 (1915); *cf.* Joseph Story, Commentaries on the Conflict of Laws §§ 41, 44 (1st ed. 1834); Restatement (First) of Conflict of Laws § 15 (1934). An allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam).

For limited liability companies, § 1332 citizenship is determined by the citizenship of "all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To establish diversity jurisdiction in a suit by or against an LLC, a party "must specifically allege the citizenship of every member of every LLC." *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

B.

In its complaint dated October 6, 2021, SXSW noted that it was a limited liability company. ROA.8. Instead of alleging the citizenship of all of its members, SXSW only alleged its principal place of business, confusing LLC citizenship with corporate citizenship. ROA.8; *cf.* 28 U.S.C. § 1332(c)(1).

In an exhibit dated December 14, 2021 and attached to its motion for summary judgement, Federal detailed SXSW's organizational structure. ROA.519. The exhibit stated that SXSW, LLC has two members: SXSW Holdings, Inc. and Starr Hill Presents – SX, LLC. ROA.519. SXSW Holdings, Inc.'s corporate citizenship (Texas and Texas) is alleged elsewhere in the record. ROA.225. But Federal's chart nowhere alleged the citizenship of Star Hill Presents – SX, LLC. ROA.519. And the parties have not pointed us to another place in the record. The only allegation regarding the citizenship of Star Hill Presents – SX, LLC comes 14 months later in SXSW's opening brief in our court, dated February 22, 2023. Blue Br. 1. The brief's jurisdictional statement specified "Starr Hill Presents – SX LLC is wholly owned by Starr Hill Presents LLC, which is wholly owned by Robert C. Capshaw, a Virginia resident." *Ibid.*

This procedural history reveals at least three potential jurisdictional defects in SXSW's citizenship.

First, there is a potentially important difference between LLC membership and LLC ownership. State law governs LLC formation and organization. Several states permit LLC membership without ownership. *See, e.g.*, Del. Code Ann. tit. 6, § 18-301(d); Tex. Bus. Orgs. § 101.102. But SXSW's jurisdictional statement refers only to the ownership of Starr Hill Presents – SX LLC and Starr Hill Presents LLC. Blue Br. 1. And SXSW has not shown the relevant LLCs were formed in States that equate membership and ownership.[1] If those LLCs have non-owner members, the citizenship of those members will trickle up to SXSW, potentially defeating complete diversity. In any event, the lack of clarity does not satisfy our

---

[1] Insofar as one might infer that both Starr Hill Presents – SX LLC and Starr Hill Presents LLC are Virginia LLCs because of their ultimate owner's residency, Virginia law also appears to allow non-owner members. *See* Va. Code Ann. § 13.1-1038.1(C).

No. 22-50933

requirement of "clear, distinct, and precise affirmative jurisdictional allegations." *Getty Oil*, 841 F.2d at 1259.

Second, SXSW stated that Capshaw was a Virginia resident. But residency is not citizenship for purposes of § 1332. *See MidCap*, 929 F.3d at 314; *Strain*, 742 F.2d at 889; *Stine*, 213 F.2d at 448.

Finally, there is a timing issue. For diversity jurisdiction, we look to citizenship at the time the complaint was filed. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). SXSW filed its complaint on October 6, 2021. ROA.8. The complaint makes no allegations about the citizenship of SXSW's members. Federal's December 14, 2021 exhibit contains some additional information, ROA.519, as does SXSW's February 22, 2023 appellant brief. Blue Br. 1. But we have no way of knowing whether those later documents reflect SXSW's membership structure as of October 6, 2021. And we know from oral argument that SXSW's organizational structure has undergone significant changes in the last few years. Oral Arg. Trans. 1:30–5:00. This too prohibits us from exercising jurisdiction at this stage.[2]

\*　　\*　　\*

---

[2] At oral argument, SXSW's counsel said that he used the words "owner" and "member" interchangeably to mean the same thing. Oral Arg. Trans. 2:00–2:30. He asked for the court's leave to amend SXSW's allegations or supplement the complaint to make affirmative assertions. Oral Arg. Trans. 2:30–3:30; *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). But Section 1653 is only helpful where there is evidence of jurisdiction in the record. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919–20 (5th Cir. 2001); *see also MidCap*, 929 F.3d at 315 ("Since at least 1878, the Supreme Court has prohibited us from receiving jurisdictional evidence on appeal."). Where "the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse" and where "there is no evidence of diversity on the record, we cannot find diversity jurisdiction…." *Howery*, 243 F.3d at 919–20.

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900).

The parties have not presented sufficient evidence of subject matter jurisdiction. We therefore REMAND to the district court for the limited purpose of determining whether jurisdiction exists. *See MidCap*, 929 F.3d at 316; *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 261 (5th Cir. 2008) (per curiam); *see also* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3937.1 (3d ed. Apr. 2023). The parties do not need to file a new notice of appeal to obtain appellate review of the district court's decision. *See Royal Bank of Canada v. Trentham Corp.*, 665 F.2d 515, 519 (5th Cir. 1981). The clerk of the district court need only supplement the appellate record with "copies of the new filings below and the district court's opinion on jurisdiction." *Mullins*, 300 F. App'x at 261; *Royal Bank of Canada*, 665 F.2d at 519. The panel retains jurisdiction over this limited remand. *See United States v. Perez*, 27 F.4th 1101, 1105 (5th Cir. 2022); *Petition of Geisser*, 627 F.2d 745, 749 (5th Cir. 1980).