# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2024

Lyle W. Cayce
Clerk

No. 23-20344

JOHN L. WORTHAM & SON, L.P.,

*Plaintiff—Appellee*,

*versus*

BOK FINANCIAL MANAGEMENT, *also known as* BOKF, N.A.,

*Defendant—Third Party Plaintiff—Appellant*,

*versus*

ALLIANCE PENSION CONSULTANTS, L.L.C.,

*Third Party Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2567

_____

Before BARKSDALE, SOUTHWICK, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20344

Pursuant to a judgment under Federal Rule of Civil Procedure 54(b) (permitting "entry of a final judgment as to one or more, but fewer than all, claims or parties"), this appeal is from the dismissal, for lack of personal jurisdiction, of BOK Financial Management's (BOKF) third-party complaint against Alliance Pension Consultants, L.L.C. (Alliance).  The controlling issue, however, is whether subject-matter jurisdiction (diversity) exists for either the complaint or the at-issue third-party complaint.  Without reaching the personal-jurisdiction issue, we VACATE the Rule 54(b) judgment and REMAND for the district court to decide whether subject-matter jurisdiction exists for either the complaint or third-party complaint, and to conduct such further proceedings as may be appropriate.

I.

The following recitation is derived from, *inter alia*:  the complaint of John L. Wortham & Son, L.P. (Wortham), BOKF's third-party complaint, and its actuary's affidavit.

Wortham, alleged to be "a limited partnership established under the laws of the State of Texas", contracted with MBM Advisors, Inc. (MBM) for the provision of recordkeeping services related to Wortham's defined-benefit plan (the plan).  In 2012, MBM retained Alliance, alleged to be "an Illinois [LLC]", to review and certify to the federal government MBM's actuarial determinations for MBM's clients, including Wortham.  Two years later, BOKF, alleged to be "a National Association bank with its principal place of business in Tulsa, Oklahoma", acquired MBM and assumed the role of providing actuarial services to MBM's clients, including its Texas-based clients like Wortham. Alliance provided the actuarial review-and-certification services for BOKF, as Alliance had for MBM.

Wortham sold its assets to another entity, requiring Wortham to calculate the distributions owed to the plan's participants.  Either BOKF or

2

No. 23-20344

Alliance miscalculated these distributions; the IRS audited the plan; and Wortham suffered financial injury.

Wortham filed this action against BOKF (and MBM) in the Southern District of Texas, claiming breach of contract. BOKF in turn filed a third-party complaint against Alliance, claiming, *inter alia*, negligence. Alliance moved to dismiss BOKF's third-party complaint, contesting personal jurisdiction and asserting BOKF failed to state a proper third-party claim.

The court dismissed BOKF's third-party complaint for lack of personal jurisdiction, without ruling on subject-matter jurisdiction. BOKF moved for judgment under Rule 54(b), which the court granted, staying proceedings pending this appeal by BOKF.

II.

As stated, the court did not rule on subject-matter jurisdiction (diversity) for this action. And, based on the record on appeal, we are unable to decide that issue. *See Ill. Cent. Gulf R.R. v. Pargas, Inc.*, 706 F.2d 633, 638 (5th Cir. 1983) (remanding to district court when pleadings did "not reveal whether there is (or is not) subject matter jurisdiction"); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 409 n.2 (5th Cir. 2023) ("[W]here there is no evidence of diversity on the record, we cannot find diversity jurisdiction". (citation omitted)).

It goes without saying that "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Subject-matter jurisdiction for third-party claims may rest on either jurisdiction from the original claim or the third-party claim's own independent jurisdiction. *E.g.*, *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1227 (5th Cir. 1989) ("Diversity jurisdiction may be approached from two angles: by analyzing diversity in plaintiffs' original claims or in the claims

3

asserted by [third-party plaintiff] against third-party defendants . . . . Diversity at either level will suffice to maintain federal jurisdiction."); *see also Pargas*, 706 F.2d at 638 ("Federal jurisdiction over the first-party suit therefore fails, and with it, ancillary jurisdiction over the third-party claim. There is also no independent jurisdiction over the third-party claim." (citation omitted)).

Accordingly, we turn first to subject-matter jurisdiction *vel non* over Wortham's complaint. As noted, it relies upon diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (permitting federal diversity jurisdiction between "citizens of different States").

As also noted *supra*, Wortham alleges it is a limited partnership. It is more than well-established that, for diversity jurisdiction, "[t]he citizenship of a limited partnership is based upon the citizenship of each of its partners". *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Accordingly, "[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation". *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *see also Howery*, 243 F.3d at 919 ("[I]f [the party bearing the burden] fails to meet that burden, we cannot presume the existence of federal jurisdiction".).

Wortham's complaint alleges: "Plaintiff John L. Wortham & Son, L.P. is a limited partnership established under the laws of the State of Texas. Defendant BOKF, NA is a foreign corporation which may be served by serving its registered agent for service of process CT Corporation System, located [in Dallas, Texas]". By not alleging the citizenship of all of its partners, Wortham failed to carry its burden to present "clear, distinct, and precise affirmative jurisdictional allegations". *SXSW*, 83 F.4th at 408 (citation omitted). Additionally, the record does not reveal the number,

identities, or citizenships of Wortham's partners. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 n.1 (5th Cir. 1984) ("A court of appeals has discretion to delve into the record in search of evidence establishing diversity jurisdiction."); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–16 (5th Cir. 2019) (discussing inability to confirm jurisdiction based on inadequate pleadings and record).

Nevertheless, as discussed *supra*, BOKF's third-party claims against Alliance (an LLC) may rest on their own independent jurisdiction. *See Molett*, 872 F.2d at 1227. As also discussed *supra*, "for diversity jurisdictional purposes, the citizenship of a[n] LLC is determined by the citizenship of all of its members". *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (citation omitted). Accordingly, and as noted, "[t]o establish diversity jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of every LLC". *SXSW*, 83 F.4th at 408 (citation omitted).

Similar to Wortham's complaint, BOKF's third-party complaint fails to "allege the citizenship of every member" of Alliance. *Id.* (citation omitted). It only alleges: "Alliance is an Illinois limited liability company . . . with its principal place of business in Deerfield, Illinois". Additionally, although Alliance's brief on appeal represents that the LLC's members are citizens of Illinois or Indiana, "[f]actual allegations not contained in the record may not be raised on direct appeal". *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020). Therefore, the balance of the record does not confirm the citizenship of Alliance's members. *See SXSW*, 83 F.4th at 409 n.2.

Further, because jurisdiction is unclear from the record, amendment under 28 U.S.C. § 1653 (permitting amendment of defective allegations on appeal) is improper. *See Molett*, 872 F.2d at 1228 ("Where jurisdiction is

No. 23-20344

clear from the record, this Court has allowed direct amendments to the pleadings without a remand.").

## III.

For the foregoing reasons, the Rule 54(b) judgment is VACATED, and this matter is REMANDED for the district court to decide whether subject-matter jurisdiction exists for either the complaint or third-party complaint, and to conduct such further proceedings as may be appropriate.