# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2024

Lyle W. Cayce
Clerk

————————

No. 23-50720

————————

Rainbow Energy Marketing Corporation,

*Plaintiff—Appellant*,

*versus*

DC Transco, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-313

_____

Before Clement, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Rainbow Energy Marketing Corporation (Rainbow) sued DC Transco, LLC (DCT), seeking a declaratory judgment that Rainbow did not breach its contract with DCT. The district court entered judgment in DCT's favor following summary judgment on liability and a bench trial on damages. Rainbow timely appealed.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50720

Rainbow and DCT failed to "'distinctly and affirmatively allege' the citizenship of" DCT. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (brackets omitted) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). So in fulfilling our "independent obligation to assess subject matter jurisdiction before exercising the judicial power," *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023), on July 30, 2024, we directed Rainbow and DCT to file letter briefs addressing the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a). Rainbow and DCT did so on August 2 and July 31, respectively.

Federal courts have subject-matter jurisdiction under 28 U.S.C. § 1332(a) "when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Parties are completely diverse if "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The defendant/counter-plaintiff—DCT—is a limited liability company (LLC). For diversity purposes, LLCs are citizens of any state of which their members are citizens. *SXSW*, 83 F.4th at 407–08. Rainbow alleges in its operative complaint that DCT is

> a limited liability company whose only member, on information and belief, is LS Power Development LLC, a limited liability company whose sole member, on information and belief, is LS Power Capital, LP, a private equity limited partnership. On information and belief, none of the partners of LS Power Capital, LP is a citizen of North Dakota.

To establish diversity jurisdiction, Rainbow needed to "specifically allege the citizenship of every member of every LLC," *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017), with "clear, distinct, and precise affirmative jurisdictional allegations," *Getty Oil Corp. v.*

*Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Rainbow's citizenship allegations are neither clear nor affirmative. And in DCT's operative counterclaim, DCT alleged that it is an LLC with "[i]ts principal place of business" in New York. But DCT's principal place of business is irrelevant in the diversity-jurisdiction calculation. *See Warren v. Bank of Am., N.A.*, 717 F. App'x 474, 475 n.4 (5th Cir. 2018) (per curiam) ("[T]he citizenship of an LLC is determined by the citizenship of its members, not its principal place of business.").

In its response to the briefing directive, DCT stated that after reviewing the record, it "found no proof of [DCT]'s citizenship" and "suggest[ed] a limited remand to the district court to determine [DCT]'s citizenship." Rainbow, the party initially invoking the jurisdiction of the district court and this Court, disagrees—it contends the lack of evidence as to DCT's citizenship requires dismissal for want of jurisdiction.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Where there is "no evidence of diversity on the record," though, precedent mandates dismissal for lack of jurisdiction. *Howery*, 243 F.3d at 920. But if "there is some reason to believe that jurisdiction exists," we may "remand the case to the district court for amendment of the allegations and for the record to be supplemented." *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (per curiam).

Both Rainbow and DCT made allegations that DCT is completely diverse from Rainbow—before now, DCT's citizenship was "never materially at issue," which weighs in favor of remand. *See id.*; *see also Sanders v. Boeing Co.*, No. 20-10882, 2021 WL 3412509, at *3 (5th Cir. Aug. 4, 2021) (per curiam) (acknowledging that whether the jurisdiction-invoking party had notice of a potential defect in the jurisdictional allegations is a key factor

in a § 1653 analysis). This reason suffices to show that, although jurisdiction on this record is unclear, there is reason to believe it exists.

"[G]iven that diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist," *Leigh v. NASA*, 860 F.2d 652, 653 (5th Cir. 1988), it is appropriate to remand "for amendment of the allegations and for the record to be supplemented," *Molett*, 872 F.2d at 1228. We therefore exercise our discretion to do so. *See Joiner v. Diamond M Drilling Co.*, 688 F.2d 256, 264 (5th Cir. 1982) (permitting remand given that 28 U.S.C. § 1653 is "to be liberally construed").

\* \* \*

Accordingly, we ORDER a limited remand to the district court to determine whether diversity jurisdiction exists. The Clerk of this Court shall provide the district court with copies of our July 30, 2024 request for supplemental briefing, the parties' responses, and this opinion. We will retain the record unless it is requested by the district court. If the district court concludes that it has diversity jurisdiction, the Clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's opinion on jurisdiction and forward the supplemental record to this court. Upon return to this Court no further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the Clerk of this Court. The case will be returned to this panel for disposition. If the district court concludes that it lacks jurisdiction, then it must vacate its judgment and dismiss the case. The oral argument, currently scheduled for August 5, 2024, is canceled.