# [United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2024

Lyle W. Cayce
Clerk

No. 24-10204

———————————

UniWell Laboratories L.L.C.,

*Plaintiff—Appellant*,

*versus*

Frain Industries Incorporated; Frain Group Incorporated; REF Leasing Company,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-1292

———————————————————————

Before Wiener, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10204

Plaintiff-Appellant Uniwell Laboratories, LLC ("Uniwell") filed suit in Texas state court against Defendants-Appellees Frain Industries, Inc., The Frain Group, Inc., and REF Leasing Company (collectively, "Frain") and brought several breach-of-contract claims under state law. Frain removed the matter on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas and brought breach-of-contract counterclaims against Uniwell.[1] This matter proceeded to a bench trial in which the magistrate judge[2] ruled that Uniwell was liable for the breach and awarded Frain $1 in nominal damages and $4155.70 in attorneys' fees.[3] Uniwell timely appealed.

On review of the record, we observe that Uniwell and Frain failed to "'distinctly and affirmatively allege[]' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (internal citation omitted and alterations in original). Under 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction over a case "when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); 28 U.S.C. § 1332(a). Complete diversity exists when "the citizenship of each

---

[1] Alternative to their breach-of-contract claims, Frain also raised equitable claims of promissory estoppel and quantum meruit.

[2] Pursuant to 28 U.S.C. § 636, the magistrate judge tried this matter with the consent of the parties. 28 U.S.C. § 636. In effect, the magistrate judge acted as a district court judge and was empowered by statute to direct the entry of judgment. 28 U.S.C. § 636(c)(3).

[3] The district court held that Frain failed to present evidence to support their claims for damages of $1,075,000.00. The district court also dismissed Uniwell's claims of (1) common law fraud, (2) negligent misrepresentation, (3) unjust enrichment, (4) recission, and (5) exemplary damages against Frain, as well as Frain's claims of (1) promissory estoppel, (2) quantum meruit, and (3) breach of covenant of good faith and fair dealing against Uniwell.

plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). There are four parties in this matter, and they are either corporations or limited liability companies ("LLCs"). Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). LLCs are citizens of any and every state of which their members are citizens. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1090 (5th Cir. 2008). Record evidence demonstrates that all three Defendants-Appellees are Illinois corporations with their principal places of business in Carol Stream, Illinois.

The citizenship of Uniwell, however, is unclear. In fact, there is confusion between the parties themselves as to whether Uniwell is a corporation or an LLC. For example, when explaining that complete diversity between the parties exists in its Corrected Notice of Removal, Frain stated that "Plaintiff Uniwell Laboratories, Inc. purports to be a citizen of the State of Texas while Defendant Frain Industries, Inc., is ***not*** a citizen of the State of Texas." But, on the first page of both Uniwell's Original Petition and Amended Complaint, Uniwell refers to itself as an LLC And the only statement it makes in those documents regarding its citizenship is that "Plaintiff is a Texas limited liability company corporation doing business in Tarrant County, Texas." Moreover, in its memorandum opinion and order, the district court also applied the rule for corporations when determining Uniwell's citizenship. The record is riddled with such inconsistencies.

A Business Organizations Inquiry on the Texas Secretary of State's website, however, reveals that Uniwell is a domestic LLC. Texas Sec. of. State, *Business Organizations Inquiry*, https://perma.cc/X4NM-F3HB (last visited Oct. 21, 2024). Although there are documents that demonstrate the identity of some members of the LLC, the record is devoid of any evidence demonstrating their citizenship. We, therefore, cannot proceed to

evaluate the merits of this appeal because the parties have failed to establish diversity of citizenship.

"'Where jurisdiction is not clear from the record, but there is reason to believe that jurisdiction exists,' remand to the district court for amendment of the jurisdictional allegations and supplementation of the record is appropriate." *Charter Comms. Inc., v. Prewitt Mgmt. Inc.*, No. 23-50419, 2024 WL 2044025, at *2 (5th Cir. May 8, 2024) (per curiam) (unpublished) (quoting *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (per curiam)) (cleaned up); *see* 28 U.S.C. § 1653. Since the record suggests that complete diversity between the parties is possible, we REMAND to the district court to conduct further inquiry.

\*\*\*

We therefore order a limited remand to the district court to determine whether diversity jurisdiction exists. The clerk of this court shall provide the district court with a copy of this order, but we will retain the record unless it is requested by the district court. If the district court concludes that it has diversity jurisdiction, the clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and of the district court's opinion on jurisdiction, and shall forward the supplemental record to this court. On return to this court, no further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the clerk of this court. The case will then be returned to this panel for disposition. However, if the district court concludes that it lacks jurisdiction, then it must vacate its judgment and dismiss the case.