submissible issue for the jury with respect to defendant's negligence under applicable Arkansas law. The trial court overruled defendant's motion for a directed verdict.

 Upon review of the overall record and the law we find no error in the trial judge's ruling and affirm the judgment of the district court. See Eighth Circuit Rule 14.[1]

Judgment affirmed.

Clarence O. Bentley, Dallas, Tex. (Court-appointed), for defendant-appellant.

Frank McCown, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Delores Ann TAPPEN, Defendant-Appellant.**

No. 73–2934
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1973.

PER CURIAM:

In conformity with the requirements established by Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we have carefully considered this cause in its entirety, and conclude that there is no arguable merit in the appeal. The only issues sought to be raised by appellant are based on factual allegations not contained in the record, which can not be raised on direct appeal. United States v. King, 5th Cir. 1972, 456

---

1. Defendant moved for a directed verdict at the close of the plaintiff's evidence as well as at the conclusion of its own case. The trial court reserved ruling on the motions until after the verdict, at which time he announced that the motions would be overruled and judgment entered on the verdict. It is doubtful from the record whether counsel moved for a judgment notwithstanding the verdict pursuant to Federal Rule of Civil Procedure 50(b). Failure to do so deprives this court of the power to pass on the sufficiency of evidence question raised on the motions for a directed verdict. See Johnson v. New York, New Haven & Hartford R.R., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952); 9 C. Wright & A. Miller, Federal

Practice and Procedure § 2537 at 596, 604 (1971). In the instant case, counsel announced in open court, after the district judge directed the clerk to enter judgment on the verdict, that the defendant wished to "renew all motions for directed verdicts." Although we think this may fall short of serving as a motion for judgment notwithstanding the verdict, we assume for purposes of our decision that there was compliance with Rule 50 of the Federal Rules of Civil Procedure and decide the case on its merits.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

F.2d 1243. It is therefore ordered, that the motion filed by Charles Bentley, Esquire, for leave to withdraw as court-appointed counsel for Appellant is granted, and the appeal is dismissed. See Local Rule 20; United States v. Minor, 5th Cir. 1971, 444 F.2d 521; United States v. Crawford, 5th Cir. 1971, 446 F.2d 1085.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Curtis Keith GLASSEL, Defendant-Appellant.**

No. 73-2044.

United States Court of Appeals,
Ninth Circuit.

Dec. 7, 1973.