# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2020

Lyle W. Cayce
Clerk

No. 19-60938
Summary Calendar

Joyce Ann Smith,

*Plaintiff—Appellant*,

*versus*

Toyota Motor Corporation; Diversity Vuteq, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CV-6

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

Plaintiff–Appellant Joyce Smith appeals the district court's dismissal without prejudice for lack of subject matter jurisdiction. We AFFIRM.

Smith filed a *pro se* complaint in the district court against Toyota Motor Corporation ("Toyota") and Diversity Vuteq, L.L.C. ("Diversity") asserting claims under 42 U.S.C. § 1983 and Mississippi state law. After the district court ordered Smith to file an amended complaint, Smith obtained counsel and filed an amended complaint. The amended complaint asserted no federal question jurisdiction and argued that the district court had

diversity jurisdiction over her state law claim. The amended complaint alleged that Smith is a citizen of Mississippi, Diversity is a citizen of Mississippi and Indiana, and Toyota is a citizen of Japan. Defendants moved to dismiss for, *inter alia*, lack of subject matter jurisdiction. The district court held that Smith's amended complaint, on its face, established that diversity citizenship did not exist and dismissed the case without prejudice.

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *United States v. McGill*, 74 F.3d 64, 65 (5th Cir. 1996). To properly allege diversity jurisdiction under 28 U.S.C. § 1332, a party must allege "complete diversity," which means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam).

In this case, Smith's amended complaint alleged that Plaintiff–Appellant Smith and Defendant–Appellee Diversity are citizens of the same state, Mississippi. Accordingly, the district court was correct in holding there is no diversity jurisdiction and thus no subject matter jurisdiction.

Smith's altering of the jurisdictional facts she alleges on appeal—omitting any mention of Diversity's citizenship in her appellate brief and alleging only that Diversity is "located" in Indiana in her appellate reply brief—does not alter our decision. Factual allegations not contained in the record may not be raised on direct appeal. *United States v. Tappen*, 488 F.2d 142, 142 (5th Cir. 1973).

Even assuming the altered jurisdictional facts are true, Smith has not met her burden of establishing complete diversity of the parties. The party asserting diversity jurisdiction "must 'distinctly and affirmatively allege [ ]' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (quoting *Stafford v. Mobil Oil Corp.*,

No. 19-60938

945 F.2d 803, 804 (5th Cir. 1991)).  To adequately allege the citizenship of Toyota, a corporation, Smith needed to "set out the principal place of business of the corporation as well as the state of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985) (citing *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983)).  To adequately allege the citizenship of Diversity, a limited liability corporation, Smith needed to "specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam)).

"Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Howery*, 243 F.3d at 919 (internal quotation marks omitted) (quoting *Stafford*, 945 F.2d at 805).  The district court's dismissal without prejudice is AFFIRMED.