# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2022

Lyle W. Cayce
Clerk

No. 20-10940

Charles Howley,

*Plaintiff—Appellant*,

*versus*

Bankers Standard Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-cv-2477

Before Smith, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Charles Howley filed a claim with his insurance company, and the insurer denied the claim. Howley sued. The allegations in Howley's complaint failed Rule 12(b)(6) muster. So the district court granted the insurer's motion to dismiss. We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10940

I.

Our summary of the facts is based on Howley's complaint. Charles Howley bought an insurance policy from Bankers Standard Insurance Company ("Bankers") to cover his Dallas home. The policy was a "replacement cost policy," meaning the coverage was designed to cover "the cost of a substitute asset that is equivalent to [the] asset currently held." *See Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507, at *1 (E.D. La. May 9, 2007) (alteration omitted). In June of 2019, a severe storm damaged the insured home. Howley filed a claim with Bankers.

The complaint is unclear about what happened next. At the very least, it seems that Bankers sent a claims adjuster to investigate. The complaint says the adjuster told Howley the damage was not caused by the storm and gave Howley a "lowball offer." But it also says the adjuster "closed" and "denied" the claim without diligent investigation. In still another place, the complaint says Bankers "breached the contract by denying *or* underpaying the claim." The complaint contains a smattering of other allegations, which we address in more detail below.

Howley sued in Texas state court, and Bankers removed to the Northern District of Texas. *Howley v. Bankers Standard Ins. Co.*, 2020 WL 4731968, at *1 (N.D. Tex. Aug. 14, 2020). After Bankers moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), Howley amended his complaint. *Id.* The amended complaint brought six claims. *See id.* Bankers again moved to dismiss. The district court granted that motion, dismissing all claims with prejudice. *Id.* Howley appealed.

Howley now contests the district court's dismissal of four of six claims—each of which arises under Texas law. They are: (1) breach of contract; (2) breach of the common-law duty of good faith and fair dealing;

2

No. 20-10940

(3) breach of the Texas Prompt Payment of Claims Act ("PPCA"); and (4) fraud. *Id.*

## II.

We begin by assessing our own jurisdiction. Then we lay out the applicable pleading standards and apply them to the four claims at issue. Then we conclude. Howley's complaint omits key factual allegations, and it is full of naked legal conclusions. In short, it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

## A.

At the motion-to-dismiss stage, "[t]he party asserting diversity jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (quotations omitted). For corporations, that requires setting out "the principal place of business of the corporation as well as the state of its incorporation." *Id.* (quotation omitted). For individuals, it means alleging domicile. *See, e.g.*, *Midcap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("For individuals, citizenship has the same meaning as domicile." (quotation omitted)).

Bankers' notice of removal satisfied both requirements. It alleged Howley is domiciled at a specific Texas address. And it alleged Bankers is incorporated in Pennsylvania and has its principal place of business there. Because the amount in controversy is more than $75,000, *see* 28 U.S.C. § 1332(a), the district court had diversity jurisdiction. And we have jurisdiction under 28 U.S.C. § 1291 to review its final order dismissing the complaint. *See, e.g.*, *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 638 (5th Cir. 2021).

No. 20-10940

B.

When a district court grants a Rule 12(b)(6) motion to dismiss, our review is *de novo. Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). A complaint cannot survive a motion to dismiss by stating facts "'merely consistent with'" liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Instead, the complaint must state "a plausible claim for relief." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).

In assessing whether a complaint meets that bar, we will "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010). But we do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quotation omitted). And we must ignore those parts of the complaint before determining whether the remaining, well-pleaded factual allegations are up to snuff. *See Iqbal*, 556 U.S. at 679–80 (explaining such a process); *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 442–43 (5th Cir. 2015) ("We first identify the allegations that are not entitled to the assumption of truth. . . . We next consider [the plaintiff's] well-pleaded factual allegations to determine if they plausibly support his claim.").

1.

First is Howley's breach-of-contract claim. In Texas, a claim for breach of contract has four elements: (1) a valid contract; (2) the plaintiff's performance of her contractual obligations; (3) breach by the defendant; and (4) damages caused by the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n. 21 (Tex. 2018). Bankers does not dispute elements (1) and (2). *See Howley*, 2020 WL 4731968, at *3 (explaining the parties' agreement on these points).

4

For two independent reasons, both of which the district court correctly identified, Howley's complaint does not plausibly allege Bankers breached the contract (element (3)). *See id.* First, the complaint fails to explain how Bankers breached the contract. The complaint, it's true, *asserts* that Bankers breached the contract. But it does so in conclusory fashion: "Plaintiff submitted a valid claim for hail and windstorm damage within the policy period and Bankers Standard Insurance Company breached the contract by denying or underpaying the claim." Most of the complaint's remainder is even more conclusory. At most, the complaint describes the action Bankers took—it denied the claim or "underpa[id]" it. But the complaint offers no insight into how that amounts to breach. *See Moore v. Allstate Texas Lloyd's*, 742 F. App'x 815, 818 (5th Cir. 2018) (per curiam) (addressing allegations that if anything were more factual than Howley's; calling them "general assertions devoid of factual content"). Because of its failure to spell out how Bankers' alleged actions amounted to breach, the complaint does not "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted).

Howley's complaint fails to allege breach in a second way. The complaint says Bankers "breached the contract by denying or underpaying the claim," but it does not specify which. That kind of ambiguous boilerplate leaves defendants without "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted).

2.

Next is Howley's claim for breach of the common-law duty of good faith and fair dealing. Under Texas law, an insured plaintiff bringing such a claim "must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy, and (2) that the carrier knew

or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim." *Nat'l Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373, 376 (Tex. 1994) (workers' compensation context); *see also Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) (laying out the same test for the first time, though with slightly less clear phrasing).

Howley has not plausibly alleged Bankers lacked "a reasonable basis for denying or delaying payment." *Dominguez*, 873 S.W.2d at 376. That is because, as described above, he has not plausibly alleged that Bankers violated the contract in any way. Without explaining that Bankers' denial of the claim was wrongful, in other words, the complaint cannot establish that Bankers *unreasonably* denied the claim. For all we know—based on Howley's sparse factual allegations—he never had a valid claim to payment in the first place. And it would be neither wrongful nor unreasonable to deny an invalid claim.

3.

Howley's third claim is for breach of Texas's PPCA. The Texas Supreme Court has explained the PPCA's broad strokes as follows:

> The prompt-payment statute provides that an insurer, who is "liable for a claim under an insurance policy" and who does not promptly respond to, or pay, the claim as the statute requires, is liable to the policy holder or beneficiary not only for the amount of the claim, but also for "interest on the amount of the claim at the rate of eighteen percent a year as damages, together with reasonable attorney's fees."

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 16 (Tex. 2007) (quoting TEX. INS. CODE § 542.060(a)); *see also GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford*, 268 S.W.3d 822, 830–31 (Tex. App.—Fort Worth 2008, no pet.) (a PPCA plaintiff must show "(1) a claim under an

insurance policy, (2) that the insurer is liable for the claim, and (3) that the insurer has failed to follow one or more sections of [the PPCA] with respect to the claim").

For the third time, the complaint's failure to spell out Bankers' breach defeats Howley's claim. The complaint does not adequately allege that Howley had a valid claim. That entails the complaint has not adequately alleged Bankers is "liable for [the] claim." *Lamar Homes*, 242 S.W.3d at 16 (quotation omitted). That alone is fatal.

4.

Last and most straightforward is Howley's fraud claim. The elements of fraud under Texas law are:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (quotation omitted).

But fraud is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See id.* ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). To satisfy that Rule, a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353,

362 (5th Cir. 2004) (quotation omitted). "Put simply, Rule 9(b) requires the complaint to set forth the who, what, when, where, and how of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quotation omitted).

The complaint has plenty of broad assertions about fraud. For example, it says Bankers "systematically denies hail and wind damage claims at the initial valuation stage and offers a low amount knowing that the initial valuations are fraudulent, inaccurate, unreliable," *etc.* It says Bankers "promoted and advertised its products or services with no intent to sell them as advertised" by failing to disclose its policy of systematic claim-denial. And it says Bankers "duped Plaintiff into purchasing its policy but failed to disclose that it will never pay claims absent a lawsuit."

In no way does the complaint "set forth the who, what, when, where, and how of the events at issue." *Id.* (quotation omitted). It does not "specify the statements contended to be fraudulent." *Southland*, 365 F.3d at 362 (quotation omitted). It does not "identify the speaker." *Id.* (quotation omitted). It does not "state when and where the statements were made." *Id.* (quotation omitted). It does not "explain why the statements were fraudulent." *Id.* (quotation omitted). The complaint comes nowhere close to meeting Rule 9(b)'s heightened pleading standard. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (surveying a similarly "conclusional" complaint and deciding, "[t]his is clearly not enough to meet the heightened federal pleading standard for fraud").

AFFIRMED.