# United States Court of Appeals for the Fifth Circuit

———————

**No. 23-30627**
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2024

Lyle W. Cayce
Clerk

Annie Williams,

*Plaintiff—Appellant*,

*versus*

Progressive Property Insurance Company, erroneously named as XYZ Insurance Company and Progressive Insurance Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-4933

———————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Annie Williams, appeals the district court's judgment dismissing her complaint without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1). We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30627

## I.

Williams filed a complaint in federal district court alleging that her "property located in Lake Charles, Calcasieu Parish, Louisiana 70601" was severely damaged by Hurricane Laura in August 2020, and by Hurricane Delta in October 2020. She further alleged that the property was insured by a homeowner's and/or flood insurance policy issued by "XYZ" insurance company. Williams alleged that she hired an engineer to provide a detailed report of the damage; that she provided "Defendant XYZ" with satisfactory proof of loss; and that the insurance company inspected the property. She alleged that the company, however, failed "to timely and adequately compensate" her, breaching its contract with her, and that its handling of her claim was "in bad faith" in violation of Louisiana law. She also asserted a claim for negligent infliction of emotional distress for the company's denial of her damages. Williams subsequently amended her complaint by naming Progressive Insurance Company as the defendant in place of "XYZ" insurance company.

Progressive Property Insurance Company (hereinafter "Defendant") filed a motion to dismiss Williams's complaint under Rules 12(b)(1) and 12(b)(6). Defendant contended that there was "no such insurance entity registered with the Louisiana Department of Insurance as doing business in Louisiana under the name, 'Progressive Insurance Company,'" and that Defendant is domiciled in Louisiana and was domiciled in Louisiana when Williams filed her complaint.[1] Because both parties are domiciled in Louisiana, Defendant argued that the requisite diversity jurisdiction was lacking, requiring dismissal for lack of subject matter jurisdiction under Rule

---

[1] Defendant became domiciled in Louisiana four months before Williams filed her complaint.

2

12(b)(1). In her opposition to Defendant's motion, Williams did not challenge Defendant's status as a Louisiana domiciliary, but contended that she should have been notified that Defendant had changed its domicile to Louisiana and requested time for "some limited discovery to satisfy the ends of justice and fair play."

The district court noted that Williams had the burden of proving jurisdictional facts and that because Williams raised only state-law claims, she was required to show complete diversity of citizenship and an amount in controversy greater than $75,000. Because Williams and Defendant are both domiciled in Louisiana, the district court determined that diversity jurisdiction was lacking and granted Defendant's motion, dismissing Williams's complaint under Rule 12(b)(1) without prejudice. Williams filed a timely notice of appeal.

## II.

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020) (citations omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Greiner v. United States,* 900 F.3d 700, 703 (5th Cir. 2018). Under 28 U.S.C. § 1332(a)(1), a federal court may exercise diversity subject-matter jurisdiction over a civil action between citizens of different States if the amount in controversy exceeds $75,000. Complete diversity must exist, meaning that no plaintiff may be a citizen of the same state as any defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

On appeal, Williams does not dispute that Defendant is domiciled in Louisiana. She states that she "named the wrong defendant" and that "Progressive Corporation, an Ohio domiciliary . . issues Homeowners Insurance through Progressive Advantage Agency, Inc., an Ohio

domiciliary." She asserts that the district court should have allowed her "limited discovery to determine which Progressive Corporation affiliated or unaffiliated insurer issued" an insurance policy to her. She urges this Court to reverse and remand so that she can "conduct discovery on the diversity issue and may amend her complaint to add the proper party defendant."

We disagree. First, "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). In this case, the record clearly showed that Defendant was domiciled in Louisiana at the time Williams filed her complaint and thereafter. Furthermore, she failed to provide the address of the property allegedly damaged and failed to identify an insurance policy number. Defendant stated that it attempted to locate a policy it may have issued to Williams, but it could not locate one. Defendant further explained that the claim number Williams did provide in her opposition memorandum was not one that Defendant would have issued.

Second, Williams did not assert in the district court (as she does on appeal) that Progressive Corporation or Progressive Advantage Agency, Inc., both allegedly domiciled in Ohio, were involved in her case. Rather, Williams contended that at one point Defendant was not domiciled in Louisiana and that she should have been "notified of the change in domicile by Progressive." This Court does "not ordinarily consider issues that are forfeited because they are raised for the first time on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021). Furthermore, Williams presumably has a copy of the insurance policy or access to her agent who sold her the policy. She could then check with the Louisiana Secretary of State to determine whether that insurance company is a Louisiana domiciliary. Williams does not explain why she is unable to identify the name of her insurer. She does not argue that she is barred from filing suit in the future

No. 23-30627

against the company which insured her, whichever company that might be. Regardless, the company named as defendant in this suit is a Louisiana domiciliary; therefore, we must affirm for lack of subject matter jurisdiction.

## III.

Based on the foregoing, the district court's judgment dismissing Williams's complaint without prejudice for lack of subject matter jurisdiction is AFFIRMED.